In the

# United States Court of Appeals
## For the Seventh Circuit

No. 04-3939

DERRICK B. TARTT,

*Plaintiff-Appellant,*

*v.*

NORTHWEST COMMUNITY HOSPITAL and
NORTHWEST SUBURBAN
ANESTHESIOLOGISTS, LTD.,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 00 C 7960—**Charles R. Norgle**, **Sr.**, *Judge.*

ARGUED FEBRUARY 10, 2006—DECIDED JULY 6, 2006

Before POSNER, RIPPLE, and KANNE, *Circuit Judges.*

KANNE, *Circuit Judge.* Derrick Tartt filed two almost
identical lawsuits, and the second one was dismissed by the
district court for the sake of convenience. The remaining
suit was dismissed for failure to state a claim and failure to
prosecute. It was not timely appealed. Undaunted, Tartt
continued litigating both actions. Due to an oversight by the
district court, this court reinstated the suit dismissed for
convenience, and Tartt filed a new complaint on remand.
But by that time res judicata had taken effect from the suit
Tartt failed to timely appeal. The district court held, inter
alia, res judicata barred the complaint filed after remand,

and Tartt appeals. After delving into the docket sheets of each case to sort out the matter, we conclude Tartt's litigation ship has long since sailed and we affirm the district court.

## I.  HISTORY

In July 1993, Derrick Tartt, an anesthesiologist, entered an employment agreement with the Northwest Suburban Anesthesiologists ("NSA"), a group of anesthesiologists which served as the sole provider of anesthesiology services at Northwest Community Hospital (the "Hospital"). Tartt took a leave of absence for military duty, which led to a dispute not before us. Upon Tartt's return in 1996, Tartt and NSA entered into a new employment agreement purporting to resolve those differences. While employed with NSA, Tartt had medical staff privileges at the Hospital. NSA terminated Tartt's employment in November 2000.

Proceeding pro se, Tartt filed suit—two actually—on December 20, 2000, in the Northern District of Illinois. The first lawsuit, No. 00 C 7959 ("7959"), named NSA as the only defendant. The second suit, No. 00 C 7960 ("7960"), was filed against both NSA and the Hospital. The claims raised by the two complaints were identical, with Tartt seeking relief under the Uniformed Services Employment and Re-employment Rights Act of 1994, 38 U.S.C. §§ 4301-4333 ("USERRA") and Title VII. The defendants separately moved to dismiss Tartt's complaints. On March 2, 2001, the district court dismissed Tartt's complaints, allowing him to re-file should he comply with Federal Rule of Civil Procedure 8(a). In each action, Tartt filed identical amended complaints pro se and subsequently hired an attorney.

On February 20, 2002, the district court, sua sponte, issued a rule for Tartt to show cause why one of the cases should not be dismissed. The defendants moved to dismiss and to require Tartt to amend his complaint. After Tartt did

not respond, on May 30, 2002, the district court granted the defendants' joint motion to dismiss one of the cases. The district court explained, "Cases 00 C 7959 and 00 C 7960 are redundant of each other, with each case pleading the same claims against the same Defendants." The district court, mistakenly assuming that the parties named in both actions were identical, chose to dismiss the 7960 case (the only one naming both parties) and allowed Tartt to amend his complaint in the 7959 matter (which only named NSA). Pursuant to the May 30 order, on June 3, 2002, the district court entered judgment to dismiss the 7960 suit.

On May 31, 2002, the day after the district court's order, Tartt filed his second amended complaint in the 7959 action, adding the Hospital as a defendant. At this point, everything was fine; Tartt had filed a complaint against both defendants in a single lawsuit. On June 21, the district court denied the defendants' motion to dismiss and allowed Tartt to amend his complaint again, apparently to cure a minor defect.

It was at this point Tartt's counsel displayed a stunning misapprehension of the procedural posture by reinstating Tartt's misguided pro se strategy of pursuing parallel lawsuits.[1] On June 26, 2002, Tartt's counsel filed a third amended complaint in the 7959 case naming only NSA— and not the Hospital—as a defendant, pursuant to the court's leave. The same day, Tartt's counsel filed a motion to reconsider the district court's dismissal of the 7960

---

[1] This attorney, Wyvonnia Bridgeforth, withdrew as counsel for Tartt on November 6, 2002, and is no longer representing Tartt, or for that matter, anyone else. *See In re Wyvonnia Ford Bridgeforth*, No. 03CH0036 (Ill. Jan. 14, 2005) (license to practice law suspended until further order); *In re Wyvonnia Ford Bridgeforth,* No. 01CH0078 (Ill. Mar. 19, 2003) (license to practice law suspended for one year). Tartt obtained his present counsel shortly thereafter.

case. We reiterate, prior to these filings, the 7960 case was a nullity, and both the Hospital and NSA were named as defendants in the active 7959 lawsuit. But as a result of Tartt's counsel's June 26 filings, the Hospital was no longer a defendant in the 7959 suit, and its reinstatement (as a defendant of the 7960 suit) was conditioned upon the district court's granting Tartt's motion to reconsider, a remote outcome given the court's recent consolidation of the litigation. We now depart from a chronological recitation of the facts, and instead track each lawsuit's progression separately.

### A. *Progression of 7959 Suit—NSA Only Named Defendant*

NSA moved to dismiss the 7959 case under Rule 12(b)(6) and subsequently moved for sanctions and dismissal under Rule 41(b) for Tartt's alleged failure to prosecute. On January 29, 2003, the district court ruled on both motions, denying NSA's request for sanctions and dismissing the 7959 suit under Rules 12(b)(6) and 41(b). Tartt did not immediately appeal the judgment. He did move the district court for an extension to file a motion to reconsider, which was granted on February 28, 2003. On March 14, 2003, Tartt sought leave to file another complaint. Due to numerous extensions requested by Tartt's counsel, the district court did not rule on this motion until January 29, 2004. The court refused to consider Tartt's motion, explaining, "[Tartt's] attempt to re-litigate an issue previously determined by the court, without citing any basis for revisiting the issue and failing to properly present the motion is denied."

On March 12, 2004, Tartt filed a notice of appeal in the 7959 case, No. 04-1623, challenging the district court's judgment of dismissal and subsequent refusal to allow Tartt to file a new complaint. We issued an order on March 18,

2004, in which we noted the deadline to appeal the district court's judgment had passed over a year before Tartt filed his notice of appeal. We directed Tartt to show cause why the appeal should not be limited to the district court's order refusing to allow Tartt to amend, and why that order should not be summarily affirmed. In response, on April 4, 2004, Tartt moved for voluntary dismissal pursuant to Federal Rule of Appellate Procedure 42(b), which we granted on April 5, 2004.

### B. Progression of 7960 Case—Naming Both Defendants

In Tartt's counsel's motion to reconsider the dismissal of the 7960 action, Tartt argued that the Hospital's dismissal "seriously injures [Tartt's] ability to present a full picture to this Court of the 'joint-actions' of the [Hospital] and [NSA] . . . ." Apparently Tartt's "full-picture" argument was insufficient to apprise the district court that the named defendants in the suits were different. In a minute order entered on January 31, 2003 (the same day the 7959 suit was dismissed), the district court denied Tartt's motion for reconsideration, again citing redundancy. Even though both were issued the same day, Tartt appealed the order denying his motion to reconsider, but not, as we explained in the previous section, the judgment dismissing the 7959 action.

In an unpublished order dated October 21, 2003, we noted the district court's mistaken belief that the parties were identical in each suit and vacated the dismissal of the 7960 suit and remanded it for further proceedings. *Tartt v. Nw. Cmty. Hosp.*, 79 F.App'x 219 (7th Cir. 2003) (unpublished order). We explained that by previous order, "we limited this appeal to a review of the district court's January 31, 2003, order denying Dr. Tartt's motion to reconsider based on the fact that the motion, filed more than ten days after the entry of judgment, did not toll the time to appeal." Treating Tartt's motion to reconsider as a late-filed motion

to alter or amend a judgment under Rule 60(b), we concluded, "Because it appears from the record that the district court erred in dismissing for redundancy Case No. 00-C-7960, the case with both defendants, rather than Case No. 00-C-7959, the case naming only NSA, we remand the case for further proceedings" pursuant to Rule 60(b)(1).

On remand, the district court granted Tartt's request to file his second amended complaint in the 7960 case, which he did on April 23, 2004. Tartt alleged two counts: the first against NSA and the second against the Hospital. Both counts once again alleged violations of USERRA and Title VII. On May 27, 2004, the defendants moved to dismiss Tartt's second amended complaint on res judicata grounds, arguing Tartt was seeking to re-litigate the claims of the 7959 case which had been dismissed with prejudice on January 29, 2003. Alternatively, the defendants claimed Tartt had failed to state a claim. On October 1, 2004, the district court dismissed the 7960 action citing res judicata and, out of an abundance of caution, the merits. Tartt appeals the dismissal of the 7960 suit.

## II. ANALYSIS

The defendants argue Tartt is seeking to re-litigate claims in his 7960 suit which were losers in the 7959 case. Tartt gives short shrift to the res judicata issue[2] and instead focuses his efforts on appeal on the proceedings in the 7960 suit following remand. However, none of these issues warrant discussion. Relevant and dispositive are the proceedings beforehand, during which Tartt's res judicata problem arose.

---

[2] To clarify, throughout this discussion we refer to res judicata solely in the context of "claim preclusion," and not its analogue "issue preclusion" which is governed by the doctrine of collateral estoppel. *See Garcia v. Vill. of Mount Prospect*, 360 F.3d 630, 634 n.6 (7th Cir. 2004) (distinguishing the two) (citations omitted).

"We review de novo the district court's dismissal of a suit on res judicata grounds." *Andersen v. Chrysler Corp.*, 99 F.3d 846, 852 (7th Cir. 1996) (citing *Kratville v. Runyon*, 90 F.3d 195, 198 (7th Cir. 1996)). Res judicata applies if there is: "(1) a final judgment on the merits in an earlier action, (2) an identity of the cause of action in both the earlier and later suit, and (3) an identity of parties or privies in the two suits." *Smith v. City of Chicago*, 820 F.2d 916, 917 (7th Cir. 1987) (citing *Lee v. City of Peoria*, 685 F.2d 196, 199 (7th Cir. 1982)); *see Brzostowski v. Laidlaw Waste Sys., Inc.*, 49 F.3d 337, 338 (7th Cir. 1995) (citations omitted).

Because Tartt did not appeal the dismissal of the 7959 action within 30 days, the entry of judgment pursuant to Rules 12(b)(6) and 41(b) on January 29, 2003, amounts to a final judgment on the merits for res judicata purposes. *See* Fed. R. App. P. 4(a)(1)(A); *Horwitz v. Alloy Auto. Co.*, 992 F.2d 100, 102 (7th Cir. 1993) (citations omitted); *Cannon v. Loyola Univ. of Chicago*, 784 F.2d 777, 780 (7th Cir. 1986) (citations omitted); *Phillips v. Shannon*, 445 F.2d 460, 462-63 (7th Cir. 1971) (citations omitted). Complicating matters, however, is the subsequent procedural history of the 7960 case. Tartt argues there is no res judicata problem in light of our order dated October 21, 2003, which he claims resurrected the controversy in full. But our order stated with precision the scope of the appeal: the district court's denial of Tartt's motion to reconsider the dismissal of the 7960 case. Outside that scope was the district court's grant of NSA's motion to dismiss the 7959 action. Our reinstatement of the 7960 action did not have the additional effect of reversing the judgment in the 7959 action, which could have been appealed by its own right. Thus the judgment dismissing the 7959 action, with only NSA as the defendant, remains a final judgment with res judicata effect.

The second part of our res judicata analysis, identity of actions, is met. "'[T]wo claims are one for purposes of res judicata if they are based on the same, or nearly the

same, factual allegations.'" *Manicki v. Zeilmann*, 443 F.3d 922, 925 (7th Cir. 2006) (quoting *Herrmann v. Cencom Cable Assocs., Inc.*, 999 F.2d 223, 226 (7th Cir. 1993)). As for the appropriate level of abstraction in construing facts—broad or narrow—we have said it is proper to examine the "facts" at a sufficient level of specificity to ensure fair notice to the parties and predictability. *Andersen*, 99 F.3d at 852-53 (citing *Colonial Penn Life Ins. Co. v. Hallmark Ins. Adm'rs*, 31 F.3d 445 (7th Cir. 1994); *In re Stoecker*, 5 F.3d 1022 (7th Cir. 1993)). We need not explore the nuances of this standard, for the relevant complaints (the third amended complaint filed June 26, 2002, in the 7959 suit, and the second amended complaint filed April 23, 2004, in the 7960 case) are virtually identical.

In each complaint, Tartt alleged the following: he entered into an employment agreement with NSA in 1993; he entered the military in 1994 and took a leave of absence from NSA; upon his return to NSA he was coerced into signing an amended employment agreement; the amended agreement denied him of retirement benefits, stock ownership, promotions, salary, training, and vacation. We agree with the district court that in the 7960 case, Tartt merely repeats the same factual allegations as the 7959 case.

As for the identity of parties, the 7959 judgment's res judicata effect clearly covers NSA, which is named as a defendant in each suit. The Hospital seeks res judicata protection by the 7959 judgment by proclaiming to be in privity with NSA. Res judicata bars subsequent suits against those who were not party to a prior suit if their interests are closely related to those who were. *See Tice v. Am. Airlines, Inc.*, 162 F.3d 966, 971 (7th Cir. 1998) (citations omitted); *see also Garcia*, 360 F.3d at 636 (holding village to be in privity with police pension board due to agency relationship); *Studio Art Theater of Evansville, Inc. v. City of Evansville*, 76 F.3d 128, 131 (7th Cir. 1996)

(holding privity exists where there is a link between parties in successive suits which share a "clear congruence of legal issues" (quotations omitted)).

Not only is it plain that the Hospital could have been joined to the 7959 action (indeed it was joined before Tartt filed his second amended complaint), but also that the Hospital should have remained a party to the 7959 action. Tartt's former employer, NSA, is the exclusive provider of anesthesiology services at the Hospital. Both of Tartt's employment agreements with NSA included clauses conditioning his privileges at the Hospital upon his employment with NSA. All of the claims Tartt alleged against the Hospital arose from his employment with NSA. As Tartt himself argued, the Hospital and NSA were so intertwined that dismissal of the Hospital from the lawsuit would prevent him from showing the "full picture . . . of [their] joint actions." Thus it is clear NSA and the Hospital have a "sufficiently close identity of interests" so that they are indeed in privity.

The only difference between the two suits, as Tartt recognizes, is that the later action named the Hospital as a defendant while the earlier action did not. Because the Hospital is in privity with NSA, res judicata properly bars Tartt's actions against them both.

### III.  CONCLUSION

The district court's judgment is AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*

---

USCA-02-C-0072—7-6-05