NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 14, 2007[*]
Decided March 8, 2007

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 06-2459

| | |
|---|---|
| MAURICE BROWN, | Appeal from the United States District |
|     *Plaintiff-Appellant,* | Court for the Northern District of Illinois, |
| | Eastern Division |
|     *v.* | |
| | No. 05 C 1117 |
| CHRYSLER FINANCIAL | |
| SERVICES, | Wayne R. Andersen, |
|     *Defendant-Appellee.* | *Judge.* |

**O R D E R**

Maurice Brown appeals the district court's dismissal of a third lawsuit in which he and Chrysler Financial Services (DaimlerChrysler) litigated the company's alleged mishandling of his loan account and improper repossession of his car. The district court ruled that his claims were barred by *res judicata* because he had the opportunity to litigate the same issues in the two previous suits. We affirm.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

In 2001 Brown bought a $30,000 car, which he financed through DaimlerChrysler.  As part of the contract for the financing, DaimlerChrysler agreed to allow Brown to use the car as collateral, so long as he agreed to maintain it in good condition.  Several months after Brown purchased the car, however, it was damaged in an accident and taken to a repair shop.  Brown refused to pay for the repairs because he believed that he had only requested an estimate for the cost of the damages and had not authorized the repair shop to begin work.  The repair shop informed DaimlerChrysler that it intended to place a lien on the car, and so, to preserve its collateral, DaimlerChrysler paid more than $8,000 for the repairs and storage.

DaimlerChrysler subsequently sued Brown in Illinois court, requesting an order to repossess the car and a deficiency judgment for the remaining balance of the loan.  Brown counterclaimed that DaimlerChrysler violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, and various state laws when it cashed a payment check without crediting his account.  The Illinois court granted DaimlerChrysler's summary judgment motion and denied Brown's subsequent motion for reconsideration.  Brown appealed.

While Brown's appeal was pending in state court, he sued DaimlerChrysler in federal court under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, and 42 U.S.C. §§ 1981 and § 1983, for emotional distress caused by cashing his check without crediting his account, repossessing the car, and discriminating against him because he was black.  *See Brown v. Chrysler Fin. Servs. LLC*, No. 04 C 1339, 2004 WL 2091998 (N.D. Ill. Sept. 15, 2004).  The district court granted DaimlerChrysler's motion to dismiss the complaint.  *Id.* at *1.  The court ruled that Brown failed to create a reasonable inference that DaimlerChrysler intended to inflict emotional distress or that it in any way discriminated against him based on race.  *Id.* at *3.  The court also ruled that Brown's claims under the Fair Credit Reporting Act were improper because the provisions of the act cited by Brown applied only to consumer reporting agencies, which DaimlerChrysler was not.  *Id.* at *4.  Brown did not appeal the district court's judgment, but he did move to voluntarily dismiss his pending state court appeal.

Brown then filed this suit in federal court, based on the same set of facts.  He alleged under 42 U.S.C. § 1985 that DaimlerChrysler conspired to racially discriminate against him by denying that he paid for his car loan, impairing his credit to reflect the nonpayment, and repossessing his car.  He also claimed that DaimlerChrysler slandered and libeled him by falsely claiming that his payment check was late and that he had to pay the repair bill.  DaimlerChrysler moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), alleging that the claims were barred by *res judicata*.  The district court agreed that Brown's

claims were precluded by the prior final judgments in federal and state court proceedings that involved the same set of facts.

We review de novo a district court's decision to dismiss a case based on *res judicata,* or claim preclusion. *Tartt v. Nw. Cmty. Hosp.*, 453 F.3d 817, 822 (7th Cir. 2006). Under federal law, *res judicata* precludes claims when there is (1) a final judgment on the merits in an earlier action, (2) identical claims in both suits, and (3) the same parties or privies in both suits. *Tartt*, 453 F.3d at 822 (citing *Smith v. City of Chicago*, 820 F.2d 916, 917 (7th Cir. 1987)). *Res judicata* bars not only the claims actually raised in the earlier suit, but also any claims that could have been raised in that suit. *Highway J Citizens Group v. U.S. Dep't. of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006).

On appeal, Brown devotes most of his brief to attacking the district court's handling of his car loan and repossession, but only generally touches upon any disagreement with the district court's *res judicata* ruling. He asserts that he "never had an opportunity to litigate" his claims because both the district court and the Illinois state court erroneously credited DaimlerChrysler's false statements and therefore improperly ruled against him.

The district court was correct to rule that Brown's federal suit met all three requirements for claim preclusion. First, the district court correctly noted that the judgment in the first case was a dismissal under Rule 12(b)(6) for failing to state a claim, a ruling on the merits that became final when Brown failed to appeal. *See Tartt*, 453 F.3d at 822. Second, this suit raised claims identical to the first suit because, although the legal theories were slightly different, the two suits shared a "single core of operative facts." *Highway J Citizens Group*, 456 F.3d at 743. Specifically, all of Brown's current claims arise from the manner in which DaimlerChrysler handled his check and repossessed his car. Finally, Brown was a party in each suit.

In any event, as the district court noted, Brown's claims were also precluded by the prior state court judgment. When, as here, a plaintiff attempts to litigate issues that were the subject of an earlier state court case, federal courts give the state judgment the same preclusive effect that they would receive under the rendering state's law. 28 U.S.C. § 1738; *Wilhelm v. County of Milwaukee*, 325 F.3d 843, 846 (7th Cir. 2003). In Illinois, the requirements for *res judicata* are virtually identical to those under federal law. *See Licari v. City of Chicago*, 298 F.3d 664, 666 (7th Cir. 2002); *Nowak v. St. Rita High Sch.*, 757 N.E.2d 471, 477 (Ill. 2001). Here, the earlier state judgment was final, the claims were identical because they arose from a single set of operative facts, and Brown was a party in each suit.

Accordingly, we AFFIRM the district court's judgment.