NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 21, 2008[*]
Decided September 25, 2008

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 08-1960

| | |
|---|---|
| FONDA J. KILLEBREW,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>ST. VINCENT HEALTH, INC. and<br>ST. JOSEPH HOSPITAL & HEALTH<br>CENTER, INC.,<br>    *Defendants-Appellees.* | Appeal from the United States District<br>Court for the Southern District of Indiana,<br>Indianapolis Division.<br><br>No. 1:08-cv-255-LJM-WTL<br><br>Larry J. McKinney,<br>*Judge.* |

## O R D E R

Fonda Killebrew was fired from her job as a housekeeper at a Kokomo, Indiana, hospital operated by St. Vincent Health, Inc. She sued the hospital and St. Vincent claiming, as the district court understands her complaint, that at the hospital she was "subjected to

---

[*]The appellees were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2).

discrimination, a hostile work environment and retaliation based on her race." *See* 42 U.S.C. §§ 1981, 2000e-2. Killebrew told the court that she could not afford to pay the filing fee, so the court allowed her to proceed *in forma pauperis*. It then reviewed her complaint prior to service, *see* 28 U.S.C. § 1915(e)(2)(b), and concluded that the action is barred by the doctrine of claim preclusion. According to the court Killebrew's claims "were or could have been asserted" in a pair of consolidated race-discrimination suits she filed in 2003 and 2004. *See Killebrew v. St. Joseph Hosp. & Health Ctr., Inc.*, 1:04-cv-48-LJM-WTL (S.D. Ind. filed Jan. 8, 2004); *Killebrew v. St. Vincent Health*, 1:03-cv-1497-DFH-VSS (S.D. Ind. filed Oct. 10, 2003). Those actions were dismissed with prejudice for failure to prosecute, *see Killebrew v. St. Vincent Health*, 1:03-cv-1497-DFH-VSS (S.D. Ind. Sept. 27, 2004) (unpublished order); so, the court's reasoning goes, Killebrew already had her bite at the apple and is not entitled to another. The court thus dismissed Killebrew's complaint for failure to state a claim. Our review is de novo. *See DeWalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000).

We accept, for the moment, the district court's generous reading of Killebrew's complaint, but we do not agree that the doctrine of claim preclusion would bar the action as framed by the district court. Claim preclusion is an affirmative defense that the defendant generally must raise or risk waiving. FED. R. CIV. P. 8(c); *Curtis v. Timberlake*, 436 F.3d 709, 711 (7th Cir. 2005); *Rizzo v. Sheahan*, 266 F.3d 705, 714 (7th Cir. 2001). A district court, upon reviewing a complaint before service, has discretion to invoke claim preclusion to dismiss the case, but only if the defense "is so plain from the language of the complaint and other documents in the district court's files that it renders the suit frivolous." *Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002). And claim preclusion bars an action only if there was a final judgment on the merits in an earlier case and both the parties and claims in the two lawsuits are the same. *See Tartt v. Nw. Cmty. Hosp.*, 453 F.3d 817, 822 (7th Cir. 2006).

Two of these criteria are met: the dismissal of Killebrew's prior consolidated suits was a judgment on the merits, *see* FED. R. CIV. P. 41(b); *In re Bagdade*, 334 F.3d 568, 573 (7th Cir. 2003), and the parties in both cases are the same. But we see nothing in the complaint in this new suit which suggests that the claims Killebrew attempts to raise now are necessarily the same as those she raised previously. Claims raised in separate lawsuits are the same for purposes of claim preclusion if they are rooted in the same factual allegations. *See Tartt*, 453 F.3d at 822. In her prior consolidated actions, Killebrew alleged that in 2003 the hospital and St. Vincent discriminated against her because she is black and then retaliated when she filed a charge of discrimination with the Equal Employment Opportunity Commission. Now she alleges that she was fired, and any claim arising from her termination could not possibly be the "same" for purposes of claim preclusion because she was still employed at the hospital in 2003. Indeed, Killebrew elaborates in her brief that she was fired in March 2006, more than two years after her prior suits were filed. *See Smith*

*v. Potter*, 513 F.3d 781, 783 (7th Cir. 2008) (noting that claim preclusion does not bar suit based on claims that arise after a prior suit was filed). Furthermore, she again alleges that the defendants subjected her to a hostile work environment, and it is not evident from the face of the complaint that this allegation relates to events that were, or even could have been, the subject of the consolidated suits. To the contrary, it would be possible for Killebrew to prove, consistent with the allegations in her complaint, that the defendants treated her worse in the two years leading up to her discharge and that this treatment (alone or in combination with treatment she suffered before 2003) created a hostile working environment. *See id*. ("The filing of a suit does not entitle the defendant to continue or repeat the unlawful conduct with immunity from further suit.").

We, however, can affirm the district court's judgment for any reason supported in the record, and we agree that this case should be dismissed, but on a different basis. *See Vargas-Harrison v. Racine Unified Sch. Dist.*, 272 F.3d 964, 974 (7th Cir. 2001). The district court read Killebrew's complaint broadly, but, in our view, its interpretation went too far. As we read her new complaint, Killebrew is not claiming that her termination violated federal law. Her allegations are incoherent and rambling—she lists "[b]uilidng brought from KKK unsafe working conditions not following my doctor orders" as one of her claims. Although she does appear to allege that she was harassed at work and then fired, she does not assert that race or any other protected ground was the motivating factor behind the ill-treatment. Killebrew makes only one passing reference to "racism" in her complaint and does not even mention race in her brief to this court, instead insisting that she was unfairly fired for "quitting without notice" and that she received poor representation from her attorney. Killebrew is proceeding pro se, so we construe her filings liberally, *see Kaba v. Stepp*, 458 F.3d 678, 681, 687 (7th Cir. 2006), but her complaint does not even hint at a plausible right to relief and thus fails to satisfy the lenient notice-pleading requirement of Federal Rule of Civil Procedure 8(a), *see Bell Atl. Corp. v. Twombly*, 127 S .Ct.1955, 1964-65 (2007); *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007), and borders on frivolousness, *see Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (noting that a complaint is frivolous when it "lacks an arguable basis either in law or in fact" ); *Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007). Therefore, the district court properly dismissed it. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

AFFIRMED.