NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 8, 2014[*]
Decided April 9, 2014

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 13-2956

| | |
|---|---|
| JOHN KNAUS, *Plaintiff–Appellant,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| v. | No. 12-C-1082 |
| TOWN OF LEDGEVIEW, *et al.,* *Defendants–Appellees.* | William C. Griesbach, *Chief Judge.* |

**O R D E R**

In this suit under 42 U.S.C. § 1983, John Knaus principally argues that the Town of Ledgeview and various officials of the town and Brown County, Wisconsin, violated his right to equal protection by attempting to raze his home. Contending that he belongs to a "class of one," he asserts that the defendants targeted him more

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

aggressively than a similar homeowner and for reasons of personal animus. The district court entered summary judgment for the defendants. Because we conclude that Knaus lacks sufficient evidence to establish an equal-protection violation and that his other claims are barred by claim and issue preclusion, we affirm the judgment.

We recount the pertinent facts, construing the evidence in Knaus's favor. Ledgeview's building inspector, Robert Gerbers, notified Knaus in 2006 that the town was concerned about the lack of permits for his house and its habitability. Knaus had never received a final permit allowing occupancy of the house, and a building permit allowing Knaus to renovate the house had expired five years earlier. Also, town officials had noticed that someone was living in the house, so the town needed to determine whether the house was safe for habitation. But despite several attempts, Gerbers was unable to get Knaus to grant him entry to inspect the house.

Two years later, the town began receiving complaints about trash and a junked, decrepit van stored on Knaus's lawn. Mark Roberts, the town's code enforcement officer, repeatedly cited Knaus for violating the town's "junked vehicle" ordinance. Roberts gave Knaus deadlines to remedy the ordinance violations reflected in the complaints and ordered him to have the home inspected. Knaus responded by painting the van's windows, placing other objects (a flat tire, a microwave, a flower pot, a water softener, and a lawn mower) on top of or around the van, and taping a sign to the vehicle stating, "I am now a rat-flower van lawn ornament." Roberts issued more citations to Knaus, this time for littering. Knaus challenged in court all the citations that Roberts had issued, but a jury found him guilty of all the violations, and the judgment against him was affirmed. *See Town of Ledgeview v. Knaus*, 813 N.W.2d 248, 2012 WL 917322 (Wis. Ct. App. 2012) (unpublished table decision). The earlier citations that Gerbers had issued were dismissed for procedural reasons.

Eventually Gerbers obtained from a municipal judge a warrant to inspect Knaus's home. Armed with the warrant and accompanied by officers from the Brown County Sheriff's Department and the building inspector from the neighboring town of De Pere, Gerbers and Roberts inspected the inside of Knaus's house. Gerbers found several problems with the house, including improper insulation, various fire hazards, a lack of permanent electrical wiring, and an insufficiently supported second floor.

Knaus responded to the search with a suit in federal court against the Town of Ledgeview, Gerbers, Roberts, and others involved with the search. He alleged that the inspection warrant and the search of his home violated the Fourth Amendment, that the

citations were baseless, and that Gerbers and Roberts had trespassed on his property. After giving Knaus a chance to amend his complaint, the judge dismissed the suit at screening for failure to state a claim. *See Knaus v. Town of Ledgeview*, No. 10-C-502, 2010 WL 3021918 (E.D. Wis. July 29, 2010). Knaus did not appeal.

After Knaus's federal suit was dismissed, and with the town's concerns about the home still unresolved, the town board held a public meeting to consider whether Knaus's home should be razed. Section 66.0413 of the Wisconsin Statutes provides that the "governing body . . . of a municipality may" order a building razed if: (1) it is "old, dilapidated or out of repair and consequently dangerous, unsafe, unsanitary or otherwise unfit for human habitation and unreasonable to repair," or (2) "there has been a cessation of normal construction . . . for a period of more than 2 years." WIS. STAT. § 66.0413(1)(b). The board concluded that both of these conditions applied to Knaus's house and approved the raze order. Knaus learned of the board's meeting after it occurred, when he received a letter from the town stating where the agenda for the meeting was posted. That letter also stated that the meeting agenda had been sent to Knaus before the board meeting but was returned due to inadequate postage.

Knaus successfully challenged the raze order in Wisconsin circuit court. *See* WIS. STAT. § 66.0413(1)(h) (describing the procedure for challenging a raze order issued under the statute). The court found that it was "unreasonable to order the razing of a home where the home's value is $75,000 and the repair costs are $20,000." (Under the state statute, repairs are presumed to be unreasonable if the municipality determines that the cost of repairs would exceed 50% of the building's value. *See* WIS. STAT. § 66.0413(1)(c); *Lerch v. City of Green Bay*, 805 N.W.2d 735, 2011 WL 3274229, at *1 (Wis. Ct. App. 2011) (unpublished table decision).) The judge also found that there had "not been a cessation of normal construction for a period of more than two years" and the building was "not dangerous, unsafe, unsanitary, or otherwise unfit for human habitation." In rejecting the town's assertions to the contrary, the court ruled that Gerbers's testimony was "not credible" because his "body language, voice inflection, and demeanor . . . all indicated his animosity towards Mr. Knaus."

Knaus has now returned to federal court, suing Gerbers, Roberts, the Town of Ledgeview, and others, for violating his right to equal protection by attempting to raze his home. Knaus relies on two main arguments. First, the town had treated another homeowner better by providing that owner with more chances to remedy code violations of his home and then rescinding an order to raze his home. Second, in the state-court ruling enjoining the order to raze Knaus's home, the state judge found that

the defendants acted unreasonably and harbored personal animus toward him. Knaus also again advances claims rejected in the prior federal suit—that the search of his home violated the Fourth Amendment, that the town issued citations to harass him, and that Gerbers and Roberts had trespassed on his property.

The court granted summary judgment for the defendants, explaining why it rejected both of Knaus's arguments in support of his class-of-one claim. First, the other home was not similarly situated: It was an uninhabited new construction, and the owner had both allowed the town to inspect it without resisting the town's enforcement efforts and furnished a professional engineer's opinion that the house was fit for occupancy. Second, Knaus's evidence from the state-court proceeding was not sufficient to overcome the presumption that the town officials' actions were rational. The court acknowledged that a reasonable jury could conclude that Gerbers "harbored some kind of animosity" toward Knaus and that town officials were aggressive in their efforts to raze Knaus's house. But, the court reasoned, these efforts "no doubt arose out of the multiple violations they observed and cited Knaus for, and the simple fact that his home remained unfinished (covered with building wrap) for a decade." The judge also determined that the prior federal suit precluded Gerbers's claims about the issuance of citations, the trespassing by Gerbers and Roberts, and the search of his house.

On appeal, Knaus first argues that his class-of-one claim should have survived summary judgment because, he asserts, his evidence would allow a trier of fact to conclude that the town intentionally and irrationally treated him differently from a similarly situated homeowner. He adds that the state-court ruling also supports his claim by providing further evidence of irrationality and animus.

This court is split over the need to prove animus or improper motive in class-of-one claims. *See Del Marcelle v. Brown Cnty. Corp.*, 680 F.3d 887 (7th Cir. 2012) (en banc). At a minimum, however, Knaus must show "that the defendants intentionally treated [him] differently from others similarly situated to [him] for no rational reason." *Williamson v. Curran*, 714 F.3d 432, 449 (7th Cir. 2013). The similarly situated standard is a demanding one: "the persons alleged to have been treated more favorably must be identical or directly comparable to the plaintiff in all material respects." *Reget v. City of La Crosse*, 595 F.3d 691, 695 (7th Cir. 2010). The plaintiff's evidence must allow a reasonable jury to "eliminate any reasonably conceivable state of facts that could provide a rational basis" for the difference in treatment. *RJB Props., Inc. v. Bd. of Educ. of City of Chicago*, 468 F.3d 1005, 1010 (7th Cir. 2006) (internal quotation mark omitted).

We agree with the district court that Knaus's evidence of a comparable property owner does not meet this exacting standard. First, the other owner that Knaus mentions had voluntarily allowed the town to inspect his home, which was uninhabited, and that owner did not have a multi-year history of resisting the town's enforcement efforts. Knaus, by contrast, refused inspections and ignored court-validated citations, even as his home remained occupied; he thus gave the town reason to worry about the home's safety and habitability. Furthermore, unlike Knaus, the other owner supplied an engineering report stating that the house was structurally sound, giving the town reason to abstain from ordering that home razed. Knaus replies that the town never warned him of its impending plan to order his home razed, so he had no chance to supply his own report. But the town had a rational basis for moving ahead against Knaus without offering him a chance to avoid a raze order. By the time the town's board planned to meet, Knaus's long history of defiance gave the town reason to think that giving him such an opportunity would be futile. Besides, the town *did* try to warn him in advance of its board meeting by mailing him the meeting agenda and posting it in several public locations. Although the notice did not reach Knaus because of inadequate postage, Knaus offers no evidence that the postage shortfall was intentional.

Knaus next argues that he has supplied evidence of the town officials' animus, and that this evidence supports a class-of-one claim even without a comparable homeowner. In *Swanson v. City of Chetek*, 719 F.3d 780 (7th Cir. 2013), we recognized that "a clear showing of animus, absent a robust comparison to a similarly situated individual, may sustain a class-of-one equal protection claim" at summary judgment. *See id.* at 784. But *Swanson* was an unusual case; "the direct showing of animus was very strong" because the plaintiff "provided a plausible motive and detailed a series of alleged actions . . . that appear[ed] illegitimate on their face." *See id.* at 785.

Knaus's evidence of animus falls short of this standard. Knaus asserts that the state court's conclusion that the town's raze order was "unreasonable" shows that the order was illegitimate and motivated by animus. But the court reached this conclusion because it found that the repair costs of $20,000 were less than half of the home's $75,000 value and "normal construction" had not ceased for two years. The court did not rule, nor has Knaus offered evidence showing, that the town could not have rationally and honestly believed that the repair costs exceeded 50% of the house's value. To the contrary, the De Pere building inspector stated that, according to public records, the value of Knaus's house is only $35,000, a figure consistent with the property records posted on Brown County's website. *See* Brown County, Wisconsin, Land Records Search, http://www.public.applications.co.brown.wi.us/treas/landrecordssearch/

entryform.asp (last visited Mar. 15, 2014). Moreover, given that Knaus's building permit had expired in 2001, the town legitimately could have believed that construction had ceased for two years.

Knaus also makes much of the state judge's finding that Gerbers displayed "animosity" during his testimony through his "body language, voice inflection, and demeanor." But Gerbers could have legitimately been angry with Knaus for his repeated violations of local ordinances. *See Nevel v. Vill. of Schaumburg*, 297 F.3d 673, 681–82 (7th Cir. 2002). For Knaus to create a triable issue based on animus alone, he needs to show "a series" of misconduct "illegitimate on its face," *see Swanson,* 719 F.3d at 785, and he has not done so.

Finally, Knaus challenges the district court's conclusion that his remaining claims are precluded by his earlier federal suit, but we agree with the court that the claims are barred. In those claims, he contends that the search of his home violated the Fourth Amendment, that the town issued citations merely to harass him, and that Gerbers and Roberts had trespassed on his property. Claim preclusion bars Knaus's claims against four of the defendants (the Town of Ledgeview, Gerbers, Roberts, and the De Pere building inspector) because he made the same claims against those defendants in the previous federal suit and that suit resulted in a judgment against him. *See Tartt v. Nw. Cmty. Hosp.*, 453 F.3d 817, 822 (7th Cir. 2006). And issue preclusion bars Knaus from bringing these claims against defendants who were not party to the previous suit because the issues he raises were litigated and decided in that suit. *See Washington Group Int'l, Inc. v. Bell, Boyd & Lloyd LLC*, 383 F.3d 633, 636 (7th Cir. 2004).

AFFIRMED.