**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 5, 2017*
Decided July 6, 2017

*Before*

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 17-1338

| | |
|---|---|
| ANDREW U. D. STRAW, | Appeal from the United States |
|     *Plaintiff-Appellant*, | District Court for the Southern District |
| | of Indiana, Indianapolis Division. |
| *v*. | |
| | No. 16-cv-03483 |
| INDIANA SUPREME COURT, et al., | |
|     *Defendants-Appellees*. | Jane E. Magnus-Stinson, |
| | *Chief Judge*. |

### O R D E R

Andrew Straw, a licensed attorney in Indiana, sued the Indiana Supreme Court and several of its employees for pursuing an attorney-disciplinary action against him in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12132, 12203. The district court dismissed Straw's complaint on the grounds of *Younger* abstention (believing the state disciplinary proceedings were still ongoing) and, alternatively, res judicata.

---

* We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

*See Younger v. Harris*, 401 U.S. 37 (1971). Although *Younger* abstention does not apply, we agree that res judicata bars Straw's claims and on that basis we affirm.

Straw first filed a federal civil-rights suit in 2015 against the Indiana Supreme Court, its chief justice, court officials, and the Equal Employment Opportunity Commission for disability discrimination. He alleged that the defendants discriminated against him when he applied for admission to the Indiana bar, while he worked at that court as an analyst, and when the court initiated attorney-disciplinary proceedings against him. Straw explained in his complaint that he has bipolar disorder, which he was forced to disclose on his application for admission to the Indiana bar. He also experiences physical limitations in his legs, the result of a car accident years ago in which he broke his legs and pelvis while traveling to his job at the Indiana Supreme Court. He was fired from that job in 2002—shortly after returning from the accident—and moved out of the country. But he returned to practice law in Indiana in 2010 and has filed numerous unsuccessful lawsuits advocating for people with disabilities.

Those lawsuits spurred the Disciplinary Commission of the Indiana Supreme Court to bring a disciplinary action against Straw in December 2016, alleging that he had violated Indiana Rule of Professional Conduct 3.1 by advancing frivolous claims and arguments in four federal lawsuits. Straw responded that the Indiana Supreme Court persistently discriminated against him based on his bipolar disorder and physical disabilities and retaliated against him because of his advocacy for people with disabilities. Straw filed several unauthorized motions to obstruct the proceedings, yet he refused to appear at a subsequent disciplinary hearing when the commission produced evidence to support the charges against him. The hearing officer found that Straw had engaged in a pattern of misconduct and violated Rule 3.1, so the officer recommended to the Supreme Court that Straw's license be suspended.

While the recommendation was pending, Straw filed his first federal complaint, alleging that the defendants violated the ADA by discriminating against him based on his disabilities, and they denied him access to the courts by jeopardizing his law license in the disciplinary action. The district court dismissed that suit because Straw had not properly served several defendants and failed to establish any claim for relief. *Straw v. Ind. Sup. Ct.*, No. 1:15-cv-01015-RLY-DKL, 2016 WL 344720 (S.D. Ind. Jan. 28, 2016).

Straw then filed this federal action—raising identical claims—and moved for a preliminary injunction to halt the disciplinary proceeding on the ground that it was discriminatory and retaliatory. The defendants countered that the district court must refrain from exercising jurisdiction under the *Younger* doctrine, which bars federal courts

from interfering in ongoing state proceedings that are "judicial in nature, involve important state interests, provide adequate opportunity to raise federal claims, and do not contain special circumstances that would make abstention inappropriate." *Sykes v. Cook Cty. Cir. Ct. Prob. Div.*, 837 F.3d 736, 740 (7th Cir. 2016). In his two reply briefs, Straw ignored the defendants' argument about *Younger* abstention.

The district court agreed that *Younger* applied to Straw's injunction request and denied his motion. *Younger* abstention, the court explained, had been extended to attorney-discipline proceedings, *see Middlesex Cty. Ethics Comm'n. v. Garden State Bar Ass'n*, 457 U.S. 423, 434–35 (1982), and applied here because Straw did not argue that any special circumstances made abstention inappropriate. Because *Younger* required the district court to abstain from exercising federal jurisdiction, the court dismissed Straw's claims and ordered him to show cause why final judgment should not be entered.

Meanwhile, the Indiana Supreme Court issued a final order of discipline, finding that Straw had engaged in professional misconduct by pursuing frivolous cases. It suspended Straw's law license for 180 days without automatic reinstatement. *In re Andrew U.D. Straw*, 98S00-1601-DI-12, Or. (Ind. Sup. Ct. Feb. 14, 2017).

In response to the show-cause order, Straw disputed *Younger*'s application because special circumstances—namely, that the defendants acted in bad faith in initiating the disciplinary action—justified federal intervention. The defendants urged that the disciplinary action was motivated by concern for Straw's law practice, not bad faith, and his claims were precluded by his prior litigation based on the same events.

The district court found that Straw's arguments were "replays" of matters that could have been considered in prior proceedings and concluded that he failed to explain why final judgment should not enter for the defendants. The court entered judgment accordingly. Straw, the court pointed out, waived his objections to *Younger* by not raising them during briefing on his injunction request. And to the extent he now opposed entry of final judgment based on the defendants' alleged violations of the ADA, the court determined that these claims were barred by res judicata, since he had raised nearly identical claims in the prior federal suit that was dismissed on the merits.

Straw argues on appeal that the district court misapplied the *Younger* abstention doctrine by failing to consider the special circumstances of bad faith and harassment that warranted federal interference. *See Middlesex*, 457 U.S. at 435; *Crenshaw v. Sup. Ct. of Ind.*, 170 F.3d 725, 729 (7th Cir. 1999).

The defendants, for their part, acknowledge that the abstention doctrine no longer applies because the state court proceeding terminated on February 14, two days before the district court entered judgment. There no longer was an ongoing state proceeding for the district court to disturb. *See Sykes*, 837 F.3d at 740–41. The defendants now propose that the *Rooker-Feldman* doctrine prevents the district court from exercising jurisdiction over Straw's claims. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

But the *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered *before* the district court proceedings commenced," *Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 284 (2005) (emphasis added), and is inapplicable here because Straw filed the federal action before he received a final judgment in state court. *See Parker v. Lyons*, 757 F.3d 701, 705–06 (7th Cir. 2014).

The defendants, however, maintain that another basis of the district court's ruling bars Straw's claims: the doctrine of res judicata. As the district court explained, Straw had sued the Indiana Supreme Court and its employees in 2015 for disability discrimination, and that suit was dismissed for failure to state a claim. Straw disputes that characterization and insists that his prior federal case had been dismissed for lack of service. Insufficient service of process indeed was one basis for the district court's dismissal order in 2015, but the court also dismissed Straw's case for failure to state a claim, *see* Federal Rule of Civil Procedure at 12(b)(6). *Straw*, 2016 WL 344720, at *4, 6–7. The entry of judgment pursuant to Rule 12(b)(6) was a final judgment for purposes of res judicata. *Tartt v. Nw. Cmty. Hosp.*, 453 F.3d 817, 822 (7th Cir. 2006). Straw offers no other challenge to the district court's conclusion that res judicata bars his suit. Accordingly, the judgment of the district court is AFFIRMED.