NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 21, 2017[*]
Decided December 21, 2017

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 17-2523

| | |
|---|---|
| IN RE: ANDREW U.D. STRAW, | Appeal from the United States District |
| *Respondent-Appellant*, | Court for the Southern District of Indiana. |
| | No. 1:17-mc-13-TWP-DKL |
| | Tanya Walton Pratt, |
| | *Judge*. |

**O R D E R**

Attorney Andrew Straw appeals a federal district court's decision declining to reconsider its refusal to end Straw's disciplinary suspension from the court's bar. Because the court reasonably concluded that Straw offered it no ground for revisiting its decision to maintain his suspension, we affirm.

After notice and an evidentiary hearing, the Indiana Supreme Court disciplined Straw in 2017. It suspended him from the practice of law for at least 180 days because he

---

[*] We have agreed to decide the case without oral argument because the appeal is frivolous. FED. R. APP. P. 34(a)(2)(A).

brought four frivolous actions in violation of the state's rules of professional conduct. *In re Straw*, 68 N.E.3d 1070, 1071, 1073 (Ind. 2017), *cert. denied sub nom. Straw v. Indiana Supreme Court*, 137 S. Ct. 2309 (2017), *reh'g denied*, No. 16-1346, 2017 WL 4506877 (U.S. Oct. 10, 2017). It also ordered that Straw not be reinstated until he pays the costs of the state's proceeding against him, fulfills the duties of a suspended attorney, and satisfies other requirements in the state's disciplinary rules. *Id.* These orders prompted the United States District Court for the Southern District of Indiana to order Straw to explain why he should not be suspended from its bar. After receiving Straw's response, in March 2017 the court ordered reciprocal discipline under Rule II of its Local Rules of Disciplinary Enforcement. The court ruled that "none of [Straw's] assertions and details substantively addressed a *Rule II* reason why the court should not reciprocate the Indiana Supreme Court's disciplinary action."

Rather than appeal, two months later Straw moved the district court to reinstate him. He relied on a decision of the Virginia State Bar Disciplinary Board, which did not reciprocate Indiana's discipline. The district court denied the motion, explaining that its disciplinary ruling was not affected by Virginia's. Again Straw did not appeal. Instead, after another two months, Straw asked the district court to reconsider its refusal to reinstate him, reprising his earlier arguments. Relying on its earlier reasoning, the court denied Straw's motion, prompting this appeal.

Although Straw appeals the district judge's last order, he principally attacks the Indiana Supreme Court's decision to impose discipline. We do not have jurisdiction to consider these objections because only the United States Supreme Court may review attacks on state-court judgments of attorney discipline. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Johnson v. Supreme Court of Illinois*, 165 F.3d 1140, 1141–42 (7th Cir. 1999).

Straw may appeal the district court's refusal to reconsider its decision not to reinstate him, but his appeal has two fatal problems. The first is the deferential standard of review, which he ignores. By not timely appealing the district court's order of discipline or its later decision not to reinstate him, but appealing only its refusal to reconsider the latter ruling, we may review only the refusal to reconsider. Straw moved for reconsideration more than 28 days after the district court refused to reinstate him, so that motion was the equivalent of a motion under Rule 60(b) of the Federal Rules of Civil Procedure. *See Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014). Our review of district court orders denying Rule 60(b) relief is extremely deferential; we will reverse the denial only if the district court abused its discretion. *Stoller v. Pure Fishing*

*Inc.*, 528 F.3d 478, 480 (7th Cir. 2008). Straw's motion brought no new issues or facts to the court, let alone any *requiring* that the court overturn its decision not to reinstate. Therefore the court did not abuse its discretion in declining to reconsider its previous decision. *See id*.

Second, even if we ignore the deferential standard of review, Straw's argument that the district court must reinstate him is a loser. State disbarment proceedings are entitled to great weight, and federal courts generally should follow them. *In re Jafree,* 759 F.2d 604, 608 (7th Cir. 1985) (citing *Theard v. United States,* 354 U.S. 278, 281 (1957)). Federal courts may disregard a state disbarment only if (1) the state procedure lacks notice or an opportunity to be heard, (2) the factual findings are inadequate, or (3) for "some other grave reason." *In re Reinstatement of Leaf,* 41 F.3d 281, 283 (7th Cir. 1994) (citing *Selling v. Radford,* 243 U.S. 46, 50–51 (1917)). (These reasons are almost identical to those listed in Rule II. S.D. Ind. L.R. Disc. Enf. II (D)(1–4).) But these circumstances are absent here. The Indiana Supreme Court conducted an evidentiary hearing, its finding that Straw made frivolous filings is amply supported, and no "grave reason" requires reinstatement. *See Straw v. Indiana Supreme Court*, 692 F. App'x 291, 292 (7th Cir. 2017); *see also Dusenbery v. United States*, 534 U.S. 161, 167 (2002).

Straw nonetheless contends that because he did not receive a disciplinary hearing in federal court, his discipline is invalid. He invokes our statement that a law license "can be viewed as a type of new property, the deprivation of which has drastic consequences to the individual," to argue that a deprivation must be preceded by a hearing. *In re Ming*, 469 F.2d 1352, 1355–56 (7th Cir. 1972) (internal quotation marks and citations omitted). But in *Ming* the district court revoked Ming's federal law license without *any* hearing. *Id.* at 1353. Straw, by contrast, received a hearing in state court *and* a show-cause order in the district court. Although Straw boycotted the state hearing, that does not entitle him to second chance in federal court. *See In re Palmisano,* 70 F.3d 483, 486 (7th Cir. 1995); *Jafree*, 759 F.2d at 609.

Straw also points to the Virginia State Bar Disciplinary Board's decision not to reciprocate Indiana's discipline. That Board ruled that his "conduct was not conduct that would have resulted in disciplinary action in the Commonwealth of Virginia" largely because no client filed a complaint against him and he was never sanctioned by federal courts. But just because one jurisdiction may decline to reciprocate the discipline of another jurisdiction does not mean that all jurisdictions *must* do so. Filing frivolous lawsuits is sanctionable, *see* FED. R. CIV. P. 11(b)(2), (c); FED. R. APP. P. 38, and in our circuit it invites reciprocal discipline. *See, e.g., Jafree*, 759 F.2d at 605–08.

Before we end this appeal, we briefly address procedural matters that Straw has raised. Straw frivolously moved to recuse all judges of this court from hearing his appeal on the ground that, because we have previously ruled against him and taken other administrative action, we are biased. But unfavorable decisions do not warrant recusal or even "hint at bias." *See Khor Chin Lim v. Courtcall Inc.*, 683 F.3d 378, 380 (7th Cir. 2012). We also have considered Straw's other filings and motions on appeal, but none warrants any discussion or action. To the extent that these filings are motions, they are denied.

AFFIRMED.