**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 16, 2022[*]
Decided October 3, 2022

**Before**

DAVID F. HAMILTON, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 20-1559

| | |
|---|---|
| MICHAEL SCOTT FIORITO, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 1:18-cv-01198-JES |
| M. SEGAL, Warden, et al., *Defendants-Appellees*. | James E. Shadid, *Judge*. |

**O R D E R**

Michael Fiorito, a federal inmate, sued his prison's warden and several correctional officers for allegedly filing a false incident report against him and subjecting him to abject conditions of confinement. Fiorito previously brought a similar suit, which was dismissed, and the Bureau of Prisons expunged the disciplinary conviction after an administrative review. The district court dismissed Fiorito's

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. Fed. R. App. P. 34(a)(2)(C). Circuit Judge Kanne was on the panel to which the case was submitted but died on June 16, 2022. The case is being resolved under 28 U.S.C. § 46(d) by a quorum of that panel.

complaint as barred by claim preclusion and the statute of limitations. It then declined to reconsider, ruling that the prison gave Fiorito all the process he was due. On appeal, Fiorito argues that he could not have brought his due-process claim earlier. We agree with him, but we nevertheless affirm the dismissal on other grounds.

Because we are considering a grant of a motion to dismiss Fiorito's complaint, we recount the allegations in the light most favorable to him and make all reasonable inferences on his behalf. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015). In 2015, while incarcerated at FCI Pekin, Fiorito alleges, he saw a female guard hand an inmate some blank tax forms. That inmate asked Fiorito to help him file false returns. Officer Gregory Kursock became aware of what Fiorito saw, asked him to implicate another guard, and threatened to send Fiorito to "the hole" if he refused. Fiorito did not comply. One week later, he was transferred to restrictive housing and was placed in a cell with a violent inmate who sexually assaulted and beat him the next day.

Fiorito sued the prison's warden and several correctional officers for violating his rights under the First and Eighth Amendments and state tort law. *Fiorito v. Samuels*, No. 16-1064, 2016 WL 3636968 (C.D. Ill. June 30, 2016). He alleged that the defendants retaliated against him for refusing to implicate the wrong officer in the tax-fraud scheme and subjected him to cruel conditions of confinement. But Fiorito repeatedly refused to respond to discovery requests, lied in sworn filings, and did not respond to court orders. The district court eventually dismissed his case with prejudice as a sanction for these failures. *Id.*, 2018 11307319 (C.D. Ill. Apr. 16, 2018). The dismissal operated as a final dismissal on the merits. Fed. R. Civ. P. 41(b); *Tartt v. Northwest Community Hospital*, 453 F.3d 817, 822 (7th Cir. 2006).

Fiorito also reported his assault through the prison's grievance system. Fiorito alleges that when Kursock found out, he threatened to file a false conduct report against Fiorito if he did not recant his claims about his assault. Fiorito recanted but was still written up the next week for illegal use of the mail. At his disciplinary hearing, Fiorito alleges, he was not allowed to present witnesses, and potentially exculpatory video evidence was destroyed.

Fiorito was found guilty. He lost 41 days of good-time credits and was fined 50 dollars. He was held in restrictive housing for five months without a functioning toilet or daily shower, near an inmate who assaulted him. The disciplinary conviction also increased his security score, resulting in his transfer to FCI Gilmore, a higher-security prison.

At FCI Gilmore, Fiorito sought to expunge the allegedly false report through the Bureau of Prison's review process. See 28 C.F.R. § 542.10–19. The Bureau's regional director sent the report back to FCI Pekin to be reinvestigated. Over six months passed with no action from the prison, so Fiorito filed a petition for writ of habeas corpus to restore his credits. *Fiorito v. Saad*, No. 2:16cv36, 2017 WL 3712913 (N.D. W. Va. July 10, 2017). Three weeks later, the report was expunged. The Bureau restored his credits and refunded his fine, and the court then dismissed his habeas petition as moot. 2017 WL 3711815 (N.D. W. Va. Aug. 28, 2017).

In May 2018, just under two years after the expungement, Fiorito brought this action against the same defendants he named in his 2015 suit. He re-alleged his 2015 claims and added a claim under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), alleging that he was deprived of due process in the disciplinary proceedings. At screening under 28 U.S.C. § 1915A, the district court dismissed Fiorito's complaint in its entirety. It ruled that res judicata (claim preclusion) barred the claims Fiorito repeated from the *Samuels* litigation, and that Illinois's two-year statute of limitations barred the rest.

Fiorito moved to alter the judgment under Federal Rule of Civil Procedure 59(e). He argued only that his due-process claim was not time-barred or precluded because, under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), his claim did not accrue until the report was expunged. See also *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying *Heck* to prison disciplinary proceedings); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (applying *Heck* to *Bivens* actions). He could not have brought it in his 2015 action, and he filed this suit within two years of the expungement.

Sidestepping the *Heck* issue, the district court ruled this time that Fiorito's due-process claim was meritless *because* his conviction had been expunged: His successful administrative appeal gave him all the process he was due. The court therefore denied Fiorito's motion to reconsider, and he appealed two weeks later.

We first establish the scope of this appeal. Fiorito contends that his due-process claim was wrongly dismissed. But the appellees argue that because Fiorito's Notice of

Appeal mentions only the denial of his Rule 59(e) motion, we are limited to reviewing only that order, not the underlying judgment.[1]

The appellees are mistaken. Fiorito's timely appeal from the denial of his Rule 59(e) motion brought up that ruling and the underlying judgment: "the ruling on the Rule 59(e) motion merges with the prior determination, so that the reviewing court takes up only one judgment." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020); Fed. R. App. P. 4(a)(4)(iv).

Reviewing the dismissal de novo, meaning we decide the legal issues without deference to the district court's decision, we conclude that neither claim preclusion nor the statute of limitations bars Fiorito's due-process claim. Fiorito did not bring a due-process challenge in 2015, and he correctly points out that he could not have done so. His claim did not accrue until the report was expunged. See *Balisock*, 520 U.S. at 648; *Savory v. Cannon*, 947 F.3d 409, 417–18 (7th Cir. 2020) (en banc). Claim preclusion applies only to claims that were or could have been brought in a previous case, and Fiorito's due-process claim could not have been brought then. See *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp. Inc.*, 140 S. Ct. 1589, 1594–95 (2020). Because Fiorito brought this action within two years of the expungement, the two-year statute of limitations for *Bivens* claims in Illinois also does not apply. See *Savory*, 947 F.3d at 413.

Nor does the administrative process that Fiorito received amount to adequate process as a matter of law. An administrative appeal satisfies due process if it cures a procedural defect and safeguards a prisoner's protected interest. *Morissette v. Peters*, 45 F.3d 1119, 1121–22 (7th Cir. 1995). But the appeal must correct the defect before the punishment is carried out. *Id.* at 1122 n.4. The district court cited *Sanchez v. Godinez*, 2014 WL 1097435 (S.D. Ill. Mar. 20, 2014), for the proposition that an expungement demonstrates sufficient process and therefore bars a due-process claim. Sanchez's problem, however, was that no liberty interest was implicated by his 30 days in segregation without a complaint about the conditions. Fiorito's five-month confinement and the conditions he alleges warranted a closer look. See *Hardaway v. Meyerhoff*, 734 F.3d 740, 743–44 (7th Cir. 2013).

Still, we affirm the dismissal for a different reason. The district court did not have to decide that Fiorito received due process because he did not have a claim to

---

[1] The appellees were not served in the district court, but after receiving notice of the appeal, the Office of the United States Attorney appeared for all the appellees. Docs. 3, 4, 37.

begin with. There is no statutory remedy for violations of constitutional rights by federal officials, so Fiorito must proceed under *Bivens*. But *Bivens* allows redress for only a narrow set of constitutional claims. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017) (calling the expansion of *Bivens* beyond three well-established circumstances a "disfavored judicial activity"). We have not recognized a remedy under *Bivens* for procedural due-process violations, and the Supreme Court has four times declined to do so. *Id.* (collecting cases).

We decline to expand *Bivens* here because federal prisoners typically have alternate remedies for procedural violations in disciplinary proceedings. The existence of another remedy, even if incomplete, weighs against courts creating new ones. *Id.* at 1862, 1865. The Bureau of Prisons allows prisoners to challenge faulty disciplinary proceedings under 28 C.F.R. § 542.10–19. Fiorito pursued that remedy and won some relief. He also brought various state-law claims in prior litigation. The fact that his claims were ultimately dismissed because of his litigation misconduct does not affect whether that remedy was available to him. See *Minneci v. Pollard*, 565 U.S. 118, 129 (2012). Fiorito failed to state a federal claim because Congress has not provided a remedy for this kind of alleged constitutional violation by federal officers, and we cannot contradict the Supreme Court to fill that gap.

AFFIRMED.