In the

# United States Court of Appeals

### For the Seventh Circuit

Nos. 09-1485, 09-2218 & 09-3754

WOJCIECH CZARNIECKI,

*Plaintiff-Appellant*,

*v.*

CITY OF CHICAGO,

*Defendant-Appellee.*

Appeals from the United States District Court
for the Northern District of Illinois, Eastern Division.
Nos. 07 C 5316 & 09 C 2730—**Amy J. St. Eve**, *Judge.*

ARGUED SEPTEMBER 14, 2010—DECIDED JANUARY 21, 2011

Before BAUER, FLAUM, and HAMILTON, *Circuit Judges.*

HAMILTON, *Circuit Judge*. Plaintiff Wojciech Czarniecki was a probationary police officer of the Chicago Police Department from November 2006 until he was dismissed in February 2007. In two federal lawsuits, Czarniecki has alleged that he was improperly dismissed because of his Polish national origin. In September 2007, Czarniecki filed the first suit against the City of Chicago and the Assistant Deputy Superintendent of the Police Academy, Matthew Tobias, under 42 U.S.C. § 1983

alleging national origin discrimination in violation of the
equal protection clause of the Fourteenth Amendment.
The district court first granted summary judgment in
favor of the City on the § 1983 claim. Shortly before a
trial on the claim against Tobias, the court granted
Czarniecki's motion to dismiss his claim against Tobias
without prejudice under Rule 41(a).

In May 2009, Czarniecki filed the second lawsuit
alleging that the City intentionally discriminated against
him based on his national origin in violation of Title VII
of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.
The district court ruled that the Title VII lawsuit was
barred by claim preclusion (res judicata) because it arose
out of the same set of operative facts as the earlier § 1983
case in which there was a final resolution in favor of the
City. We agree and affirm the district court's decision.
We also dismiss as moot Czarniecki's two other related
appeals.

I. *Factual and Procedural Background*

   A. *Czarniecki's National Origin Discrimination Claim
       Under 42 U.S.C. § 1983*

In September 2007, Wojciech Czarniecki brought a
lawsuit under 42 U.S.C. § 1983 against the City of
Chicago and Tobias. The complaint alleged that Tobias
terminated Czarniecki's employment based on national
origin discrimination that violated the equal protection
clause of the Fourteenth Amendment. For purposes of
this appeal, we will treat Czarniecki's allegations as true.

Tobias allegedly called Czarniecki into his office to discuss Czarniecki's use of exam study guides, and then asked him a series of questions about where he was born (Poland), where his parents were born (Poland), and what language he spoke at home (Polish). Tobias then allegedly said to Czarniecki: "We don't need people like you." When Czarniecki asked Tobias what his Polish heritage had to do with the exam study guides, Tobias told Czarniecki "you have no rights" and said that he could fire Czarniecki for "anything." Shortly thereafter, Czarniecki was dismissed from the Police Academy.

Czarniecki asserted that he was dismissed on the basis of national origin discrimination and that Tobias's comments were direct evidence of that discrimination. The City of Chicago maintained that it terminated Czarniecki's at-will, probationary employment based on his lack of honesty concerning his test-taking and his failure to follow his supervisor's direct order not to discuss with other recruits an investigation of misuse of study guides for examinations. Czarniecki has denied all allegations of wrongdoing.

Czarniecki further alleged in the § 1983 case that his termination was part of an ongoing pattern of discrimination and anti-Polish bias at the Police Academy. Czarniecki alleged that his dismissal occurred a mere six days after the termination of another Polish recruit, Peter Palka, who was allegedly terminated by Tobias on the pretext of not having read the Police Academy's firearm manual. Tobias allegedly called Palka into his office, asked questions about his Polish heritage, and told

Palka that they "didn't need people" like him in the Academy.[1] Czarniecki alleged in his complaint that his pretextual termination was part of a pattern in which Hispanic, non-white males at the Police Academy are favored over other ethnicities, races, and colors. He also alleged that Tobias had engaged in discriminatory treatment towards African-Americans, Asians, and women, and had been the subject of numerous federal discrimination lawsuits.

In September 2008, the district court granted summary judgment in favor of the City on the § 1983 claim. At the same time, the district court denied summary judgment on the individual claim against Tobias, rejecting Tobias's defense of qualified immunity under § 1983. Viewing the evidence in the light most favorable to Czarniecki, Tobias's remarks were direct evidence of national origin discrimination, which is clearly unlawful, and Czarniecki had thus offered evidence creating a genuine issue of material fact for trial.

---

[1]  In *Palka v. City of Chicago*, 2008 WL 3895486 (N.D.Ill. 2008), the district court granted the City's motion for summary judgment on the § 1983 claim but denied the motion for summary judgment as to Tobias. In a related case, Peter Palka's father, Tadeusz Palka, filed a complaint against Cook County officials and members of the Chicago Police Department alleging that he was harassed for challenging Tobias's decision to dismiss his son from the Chicago Police Department. See *Palka v. Shelton*, 623 F.3d 447 (7th Cir. 2010) (affirming dismissal of Palka's claims with prejudice).

Two months before the scheduled trial, however, Czarniecki moved to dismiss his claim against Tobias without prejudice under Rule 41(a)(2) of the Federal Rules of Civil Procedure. Czarniecki asserts that he moved to dismiss because the district court had granted a motion that would have prevented him from being reinstated as a probationary officer and recovering back pay and punitive damages. In January 2009, the district judge granted Czarniecki's motion to dismiss under Rule 41(a)(2). Exercising her discretion to impose terms on a Rule 41(a)(2) dismissal, she also ordered that if the plaintiff wanted to refile the action, he would have to seek her permission to do so.

B.  *Czarniecki's National Origin Discrimination Claim Under Title VII*

Czarniecki filed his second federal action in May 2009, alleging that the City intentionally discriminated against him in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, based on his national origin. Under the district court's supplemental jurisdiction, 28 U.S.C. § 1367(a), Czarniecki also alleged state-law claims of intentional infliction of emotional distress, negligent infliction of emotional distress, and negligent supervision.

In October 2009, the district court dismissed the Title VII claim and the supplemental state-law claims with prejudice under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The court ruled that the Title VII case was barred by claim preclusion, also known as res

judicata, because it arose out of the same set of operative facts as the earlier § 1983 case. Czarniecki now appeals that decision.[2]

II.  *Analysis*

We first review de novo the district court's decision to dismiss Czarniecki's Title VII claim on res judicata grounds. *Tartt v. Northwest Community Hospital*, 453 F.3d 817, 822 (7th Cir. 2006). "The doctrine of [res judicata or] claim preclusion is premised on the idea that, when a claim has been fully litigated and come to judgment on the merits, finality trumps." *In re Ingersoll, Inc.*, 562 F.3d 856, 861 (7th Cir. 2009). "Claim preclusion under federal law has three ingredients: a final decision in the

---

[2]  In February 2009, Czarniecki also appealed the district judge's order, challenging her right to place conditions on the Rule 41(a) dismissal. That appeal is docketed as No. 09-1485. In April 2009, Czarniecki sought leave to file a Title VII action, and the judge refused to grant permission for leave to file the action because she no longer had jurisdiction over the case while the Rule 41(a) decision was on appeal. In May 2009, Czarniecki appealed the April 2009 order, docketed as No. 09-2218. We have consolidated all three appeals for purposes of argument and decision.

The merits of the § 1983 national origin discrimination claim are not before us. The plaintiff suggested at oral argument that he was appealing both the district court's res judicata decision and its earlier grant of summary judgment in favor of the City on the § 1983 claim. The latter issue is not before us on appeal and was not briefed by the parties.

first suit; a dispute arising from the same transaction (identified by its 'operative facts'); and the same litigants (directly or through privity of interest)." *United States ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 851 (7th Cir. 2009) (citations omitted); see also *Ross ex. rel. Ross v. Board of Education of Township High School District 211*, 486 F.3d 279, 283 (7th Cir. 2007); *Herrmann v. Cencom Cable Associates, Inc.*, 999 F.2d 223, 224 (7th Cir. 1993).[3]

We agree with the district court that all of these ingredients are present in this case. First, the parties do not dispute that there was a final judgment in Czarniecki's § 1983 lawsuit against the City of Chicago. While the district court dismissed Czarniecki's complaint without prejudice under Rule 41(a), the district court had already found in favor of the City on a summary judgment motion on September 24, 2008. While generally a

---

[3] The plaintiff argues that this court must apply Illinois res judicata principles—and specifically the "same evidence test." The plaintiff misconstrues the controlling case law. We apply state res judicata principles when the earlier action in question was decided in state court. See *Rockford Mut. Ins. Co. v. Amerisure Ins. Co.*, 925 F.2d 193, 195 (7th Cir. 1991), citing *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373 (1985). But when the issue is whether an earlier *federal* judgment has preclusive effect on a subsequent federal claim, we apply federal res judicata principles. See *Ross,* 486 F.3d at 283, citing Restatement (Second) of Judgments § 87 (1982). We are not convinced by the plaintiff's argument that the examples in the Restatement show that the "same transaction" test should not apply here.

dismissal without prejudice is not considered final because the plaintiff may refile his case, see *Mostly Memories, Inc. v. For Your Ease Only, Inc.*, 526 F.3d 1093, 1097 (7th Cir. 2008), dismissal without prejudice sometimes can support a finding of claim preclusion. See, *e.g.*, *Parvati Corp. v. City of Oak Forest*, ___ F.3d ___, 2010 WL 5185835, at *4 n.8 (7th Cir. Dec. 23, 2010); *Muhammad v. Oliver*, 547 F.3d 874, 876 (7th Cir. 2008) ("when a suit is abandoned after an adverse ruling against the plaintiff, the judgment ending the suit, whether or not it is with prejudice, will generally bar bringing a new suit that arises from the same facts as the old one"). As the appellees indicate, we have repeatedly found that even if a court dismisses claims "without prejudice," we assess "finality" by whether the district court "has finished with the case." See *Mostly Memories, Inc.*, 526 F.3d at 1097, citing *Hill v. Potter*, 352 F.3d 1142, 1144 (7th Cir. 2003). There is no question that the district court's grant of summary judgment to the City has given rise to a final judgment in favor of the City. Even Czarniecki acknowledges that it was a final decision: "There was a decision on the merits on the § 1983 action against the City, albeit a wrong decision which is why it is being appealed." As the district court concluded, the fact that Czarniecki does not dispute that there was a final judgment amounts to an abandonment of that argument. See *Steen v. Myers*, 486 F.3d 1017, 1020 (7th Cir. 2007) (absence of discussion amounts to abandonment of claims).

Second, the old and new cases involved the same parties. In both the § 1983 case and the Title VII case, Czarniecki sued the City of Chicago. The fact that the second lawsuit

does not include Tobias as a defendant does not affect the analysis.

Third, the dispute at the core of the Title VII claim arises from the same transaction or the same core of "operative facts" as the dispute at issue in the § 1983 claim. Czarniecki's allegations in the Title VII lawsuit are essentially the same allegations against the City of Chicago in his § 1983 lawsuit: that the City of Chicago dismissed him as a probationary police officer on the basis of national origin discrimination. Czarniecki further alleges that the discrimination he experienced is part of a pattern of discrimination and harassment at the Police Academy. As the district court concluded, the only differences between the first lawsuit and the second lawsuit are the theories of liability and the fact that the second complaint adds state-law claims for emotional distress.

We reject Czarniecki's argument that because the operative facts needed to prove a Title VII claim and a § 1983 claim are a little different, there is no claim preclusion. That approach would thoroughly undermine claim preclusion and would allow endless litigation as long as a lawyer could identify a slightly different cause of action with one element different from those in the first, second, or third lawsuits between the same parties arising from the same events. We have consistently explained: "Two claims are one for the purposes of res judicata if they are based on the same, or nearly the same, factual allegations." *Brzostowski v. Laidlaw Waste Systems, Inc.*, 49 F.3d 337, 339 (7th Cir. 1995); accord, *Prochotsky v. Baker & McKenzie*, 966 F.2d 333, 334-35

(7th Cir. 1992) (affirming dismissal of second case and holding that two claims or theories of recovery (ERISA and Title VII) arising from plaintiff's dismissal amounted to a single cause of action for purposes of claim preclusion); *Smith v. City of Chicago*, 820 F.2d 916, 918 (7th Cir. 1987) (although "one group of facts may give rise to different claims for relief upon different theories of recovery, there remains a single cause of action. . . . Once a transaction has caused injury, all claims arising from that transaction must be brought in one suit or be lost.") (citations omitted); see also *Highway J Citizens Group v. U.S. Dept. of Transportation*, 456 F.3d 734, 741 (7th Cir. 2006), quoting *Nevada v. United States*, 463 U.S. 110, 129-30 (1983) (res judicata or claim preclusion provides that a final judgment is final "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose"). Title VII claims are not immune from res judicata, as the plaintiff seems to suggest. See *Herrmann*, 999 F.2d at 225. Because both of Czarniecki's federal claims and his new state-law claims are based on the same set of factual allegations as his § 1983 claim, res judicata bars Czarniecki's Title VII claim and his state-law claims.

Plaintiff's principal argument for avoiding claim preclusion on his Title VII claim is that he faced a legal obstacle that barred him from asserting his Title VII claim at the same time he filed his § 1983 case. He was not yet able to obtain the requisite "right-to-sue" letter from the Equal Employment Opportunity Commission, see 42 U.S.C. § 2000e-5(f)(1); 29 C.F.R. § 1601.28(d), until after

the two-year statute of limitations period expired for the § 1983 claim. The argument is meritless. Plaintiffs in the same situation as Czarniecki—seeking relief under § 1983 and Title VII or other federal employment discrimination statutes for the same adverse employment action—routinely ask district courts to stay the first lawsuit until they obtain a right-to-sue letter. See *Brzostowski*, 49 F.3d at 339 (plaintiff could have delayed the filing of the first suit or requested that the court stay the first case); *Herrmann*, 999 F.2d at 225 ("the employee can sue on his other claims, ask the court . . . to stay the proceedings until the Title VII administrative process is complete, and then if the process does not end in a way that satisfies him amend his complaint to add a Title VII count.").

Plaintiff Czarniecki never asked the district court to stay his first case until he obtained a right-to-sue letter. His excuse, his assertion that "people who practice law for a living" should know that district judges will not grant a stay for § 1983 claims while awaiting Title VII right-to-sue letters, is simply not accurate. See *id.* We are also not persuaded by the plaintiff's argument that high-ranking EEOC officials from the Chicago office attested that they would not issue an expedited right-to-sue letter because plaintiff's claim was also being handled by the Illinois Department of Human Rights. If that was the case, there was all the more reason for the district court to grant a stay. We reject plaintiff's argument that a judge who grants a stay in a case like this would be violating the Civil Justice Reform Act of 1990 by not moving cases quickly enough. Apart from the fact that a

judge's management of a case will not "violate" that Act, a district judge would have every reason to grant a stay when a plaintiff seeks relief under both § 1983 and an employment discrimination statute. The alternative rule that plaintiff proposes would require courts and parties routinely to litigate such cases twice—an expensive and wasteful approach that is not required by any applicable law.

Czarniecki could have avoided res judicata by: (a) asking the district court to stay the § 1983 case until he had exhausted his Title VII administrative remedies, (b) contacting the EEOC to expedite the administrative process and/or to obtain an earlier right-to-sue letter, and/or (c) delaying the filing of his first lawsuit based on the § 1983 claim. Czarniecki's choice to pursue his § 1983 case first, without taking any of those steps, means that his additional legal theories arising from the same events are barred by claim preclusion or res judicata. We affirm the district court's decision to dismiss the complaint as a whole.

The plaintiff cites two cases—*University of Tennessee v. Elliot*, 478 U.S. 788 (1986), and *Buckhalter v. Pepsi-Cola General Bottlers, Inc.*, 820 F.2d 892 (7th Cir. 1987)—for the proposition that the dismissal of a "§ 1983 [claim] has no impact on the ability of a plaintiff to bring a claim under Title VII." Those cases are not relevant to the preclusive effect of Czarniecki's § 1983 claim on his Title VII claim. In *Elliot*, the Supreme Court held that decisions in unreviewed state administrative proceedings do not have preclusive effect on Title VII claims, 478 U.S.

at 796, and in *Buckhalter*, we held that an unreviewed decision by the Illinois Human Rights Commission is not entitled to preclusive effect in federal courts under *Elliot*. 820 F.2d at 895. Neither of those cases relate to the preclusive effect a federal court's final judgment on a § 1983 claim will have on a subsequent Title VII claim based on the same factual allegations. Likewise, another case that the plaintiff cites, *Chandler v. Roudebush*, 425 U.S. 840 (1976), allows for de novo review of employment discrimination claims under Title VII following the exhaustion of administrative remedies. That scenario has nothing to do with this case, where the plaintiff brought a Title VII claim after losing a final judgment on a federal claim based on the same factual allegations.

Finally, we turn to Czarniecki's two other pending appeals. First, in February 2009, Czarniecki appealed the district court's order requiring, as a condition of the Rule 41(a) dismissal, that plaintiff's counsel seek leave of the court before reinstating the case or filing any new federal claims based on the same underlying conduct. The second appeal, from May 2009, is based on an order issued by the district judge in April 2009 declining to grant leave for the plaintiff to file a Title VII claim because she no longer had jurisdiction over the case because the Rule 41(a) decision was on appeal. Both of these appeals are moot because Czarniecki later filed his second federal action asserting federal and state-law claims based on the same underlying conduct. All of those claims were properly dismissed on grounds of claim preclusion. There are no other issues to be resolved in these appeals. See *St. John's United Church of Christ v. City*

*of Chicago*, 502 F.3d 616, 626 (7th Cir. 2007) ("Under Article III, § 2 of the United States Constitution, federal court jurisdiction is limited to 'actual, ongoing controversies.'").

III. *Conclusion*

The judgment of the district court in No. 09-3754 dismissing plaintiff's Title VII claim and supplemental state-law claims is AFFIRMED. The appeals in No. 09-2218 and No. 09-1485 are DISMISSED as moot.