NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 23, 2014[*]
Decided January 23, 2014

**Before**

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 13-2118

| | |
|---|---|
| LINDA TRIPLETT, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 12 C 5719 |
| PATRICK DONAHUE, Postmaster General of the United States, | John W. Darrah, |
| *Defendant-Appellee.* | *Judge.* |

**O R D E R**

Linda Triplett appeals the dismissal of her employment-discrimination suit against her former employer, the United States Postal Service. She alleged that the Postal Service had denied her disability retirement benefits in violation of Postal Service policy based on her age, disability, race, or sex, and retaliated against her for

---

[*] After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2).

complaining. The district court concluded that claim preclusion barred Triplett's claims and that, at all events, she had failed to exhaust her administrative remedies before filing suit. We affirm the judgment.

Triplett worked as a mail processing clerk until she was fired in 2002 or 2004; she cannot be sure of the date, she says, because the Postal Service never issued a Notice of Termination. During her employment Triplett suffered a back injury. In August 2002, when she was 42 years old, she applied under 5 U.S.C. § 8337 for disability retirement. The Office of Personnel Management denied her application in August 2003. *See* 5 U.S.C. § 8347. A month later an administrative judge dismissed Triplett's appeal to the Merit Systems Protection Board for failure to prosecute. *See id.* § 8347(d)(1). Instead of petitioning the full Board for review, *see* 5 U.S.C. §§ 8347(d)(2), 7701(e), Triplett filed another application for disability retirement. The Office of Personnel Management denied that application in June 2004, and an administrative judge then denied review on the ground that Triplett's second application was precluded by her prior application based on the same medical condition. The MSPB upheld that ruling. *Triplett v. Office of Pers. Mgmt.*, 2007 M.S.P.B. 126, 105 M.S.P.R. 575, 581 (2007). Triplett did not seek timely judicial review of the Board's decision. *See* 5 U.S.C. §§ 8347(d)(2), 7703(b) (providing for judicial review in Federal Circuit within 60 days of MSPB's final decision or in district court within 30 days if claim involved discrimination).

In November 2010, three and a half years after the MSPB resolved her second administrative appeal, Triplett filed a complaint in district court alleging that the Postal Service had violated the Americans with Disabilities Act, *see* 42 U.S.C. § 12112, by firing her instead of granting her application for disability retirement. She also alleged that the Postal Service had retaliated against her for her internal complaints by giving the MSPB a bogus mailing address, subjecting her to surveillance, delaying her mail deliveries, and lacing her mail with toxic substances. The district court dismissed the employment-discrimination claim as barred by the statute of limitations and Triplett's remaining claims for failure to state a claim. *Triplett v. Potter*, No. 10 C 7285 (N.D. Ill. Nov. 16, 2010). Triplett did not appeal that judgment.

Then in early 2012—eight years or more after she last worked for the Postal Service—Triplett contacted her former employer seeking precomplaint counseling for discrimination based on age, disability, race, and sex. *See* 29 C.F.R. § 1614.105(a). The Postal Service responded that it could not resolve Triplett's request for counseling because she already had lodged an internal complaint challenging her discharge. The Postal Service informed Triplett that she could submit a formal charge of discrimination

within 15 days or, for her claim of age discrimination, proceed with a lawsuit in federal court provided that she gave the Equal Employment Opportunity Commission notice of intent to sue within 180 days of the allegedly discriminatory action. Two months later Triplett notified the EEOC that she intended to "bypass" the agency's "administrative complaint process" and sue the Postal Service in district court for age discrimination. She included with her notice a "Statement of Discriminatory Actions" explaining that the alleged discrimination had occurred in 2002 or 2004.

As promised, Triplett returned to the district court three months later, in July 2012, and filed a second lawsuit claiming employment discrimination, this time relying on the ADA as well as the Age Discrimination in Employment Act, *see* 29 U.S.C. § 623, and Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. § 2000e-2. Again she alleged that she was fired instead of being granted disability retirement, but now she alleged that the Postal Service had taken that action not only because of her disability but also because of her age, race, and sex. Triplett also alleged that the Postal Service had retaliated against her for filing an internal complaint in 1998. The district court recruited counsel for Triplett, *see* 28 U.S.C. § 1915(e)(1), but later allowed the lawyer to withdraw based on his assertion that Triplett's claims were frivolous. *See* N.D. ILL. L. R. 83.38(a)(5).

The Postal Service moved to dismiss the complaint on the ground that Triplett, by not submitting a formal administrative charge, had failed to administratively exhaust her Title VII claims. The Postal Service also contended that all of Triplett's claims arose from the termination of her employment and thus were barred by claim preclusion. Triplett countered that the 2010 judgment should not preclude her 2012 lawsuit because, she said, she had never received a letter from the Postal Service specifying the date that her employment ended. She also asserted that recently she had discovered that the Postal Service violated its employment policies by denying her disability benefits. She responded to the Postal Service' s exhaustion argument by insisting that it was her right to opt out of the formal complaint process and instead file a complaint alleging age discrimination.

In dismissing Triplett's lawsuit, the district court first concluded that she had failed to exhaust her administrative remedies because she bypassed the formal complaint process. Next the court concluded that Triplett's claims were barred by the doctrine of claim preclusion. The court reasoned that Triplett previously had sued the Postmaster General alleging that she was fired because of her membership in a protected class, and that the dismissal of the earlier action as time-barred was a judgment on the merits that became final once the time to appeal expired.

On appeal Triplett raises a number of arguments concerning the dismissal of her lawsuit, but we need discuss only one of those contentions. She maintains that claim preclusion bars only her allegation of disability discrimination since that was the sole animus alleged in her first lawsuit. But the doctrine of claim preclusion bars any claim that was or *could have been* raised in the prior action. *Palka v. City of Chicago*, 662 F.3d 428, 437 (7th Cir. 2011). And claims are considered identical for purposes of claim preclusion when they are based on the same transaction or occurrence. *Bernstein v. Bankert*, 733 F.3d 190, 226 (7th Cir. 2013); *Czarniecki v. City of Chicago*, 633 F.3d 545, 548 (7th Cir. 2011). Both lawsuits allege that the Postal Service fired Triplett rather than grant her application for disability retirement, and all that has changed between the two suits is Triplett's suspicions about the allegedly discriminatory motives harbored by her former employer. Triplett's new claims are no less precluded, however, simply because they rest on different theories of liability. *See Palka*, 662 F.3d at 437; *Czarniecki*, 633 F.3d at 549–50. Moreover, it does no good for Triplett to impugn the validity of the 2010 judgment; she had a sufficient opportunity to present her available claims during the prior litigation, *see Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 480–81 (1982)*; Dookeran v. Cnty. of Cook, Ill.*, 719 F.3d 570, 576 (7th Cir. 2013), and any challenge to that judgment is foreclosed because Triplett did not seek appellate review, *see Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *Lolling v. Patterson*, 966 F.2d 230, 236 (7th Cir. 1992).

Because we have concluded that the district court properly found that Triplett's current lawsuit is precluded by the judgment in her earlier suit, we reject Triplett's argument that the court abused its discretion in allowing her appointed attorney to withdraw. The judgment is AFFIRMED, and we caution Triplett that further attempts to resurrect this decade-old controversy risks sanctions.