┌─────────────────────────────────────────────┐
│ **NONPRECEDENTIAL DISPOSITION** │
│ To be cited only in accordance with Fed. R. App. P. 32.1 │
└─────────────────────────────────────────────┘

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 18, 2016[*]
Decided March 18, 2016

**Before**

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 15-2534

| | |
|---|---|
| JOHN R. GARCIA,<br>    *Plaintiff-Appellant*,<br><br>*v.*<br><br>UNITED STATES POSTAL SERVICE,<br>    *Defendant-Appellee*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 14 C 10512<br><br>Joan B. Gottschall,<br>*Judge*. |

**O R D E R**

John Garcia appeals the dismissal of his employment-discrimination suit on claim preclusion grounds. We affirm.

In 2008 Garcia, a Mexican-American postal employee, first sued the United States Postal Service on claims that he had been fired four years earlier based on his national

---

[*] The United States Postal Service was not served with process in the district court and is not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. *See* FED. R. APP. P. 34(a)(2).

origin and in retaliation for filing complaints with the agency's Equal Employment Opportunity office. The district court granted summary judgment for the Postal Service after concluding that Garcia had not produced evidence that his termination resulted from discrimination, and we affirmed. *Garcia v. United States Postal Serv.*, 414 F. App'x. 855, 856–59 (7th Cir. 2011).

In 2015 Garcia filed a form complaint for employment discrimination claims, checking off boxes that he had been fired because of his national origin and race, and stating that the Postal Service had fired him for "no reason." The district court dismissed his complaint at screening, 28 U.S.C. § 1915(e)(2)(B), because Garcia stated on the complaint that he had not pursued administrative remedies before filing suit. The court also noted Garcia's 2008 lawsuit and concluded that, to the extent his claims arose from the same job termination, the doctrine of claim preclusion would bar relitigation of his previously denied claims. He amended his complaint, insisting that he was not attempting to relitigate previously decided claims, but attached documents which made clear that he was, in fact, continuing to contest the grounds for his 2004 termination. The district court dismissed the amended complaint, concluding that his suit was barred by the doctrine of claim preclusion. Garcia filed several subsequent motions seeking appointment of counsel or reconsideration, eventually adding a new theory—that he was denied due process when the Postal Service rejected his request for mediation before he was fired. The district court denied each motion.

On appeal, Garcia does not challenge the district court's claim-preclusion ruling, but instead continues to assert that he was denied a due-process right to engage in mediation before being fired. Regardless of the underlying merits of Garcia's claim, however, the district court correctly concluded that the doctrine of claim preclusion bars this suit. Claim preclusion prevents the relitigation of claims that were—or could have been—determined in an earlier proceeding, and applies when the first suit resulted in a final decision, the disputes arise from the same transaction, and involve the same parties. *See Czarniecki v. City of Chi.*, 633 F.3d 545, 548–50 (7th Cir. 2011); *Hayes v. City of Chi.*, 670 F.3d 810, 813–16 (7th Cir. 2012). In 2008 Garcia litigated and lost his discrimination case and he may not now assert new theories to alter the preclusive effect of the earlier judgment. *See Czarniecki*, 633 F.3d at 550.

AFFIRMED.