**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 22, 2016[*]
Decided September 26, 2016

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 16-1582

| | |
|---|---|
| CARL REED and CONSTANCE HALIBURTON-REED, *Plaintiffs-Appellants*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 16 C 350 |
| JOHN P. MACKEY, et al., *Defendants-Appellees*. | Matthew F. Kennelly, *Judge*. |

**O R D E R**

Carl Reed and Constance Haliburton-Reed appeal the dismissal of the second of two suits that they brought against Walgreens, Whole Foods, and Sears over mistreatment they alleged to have experienced while shopping at the defendants'

---

[*] Most of the appellees were not served with process in the district court and are not participating in this appeal. The one exception—Sears, Roebuck, and Co.—filed a brief in this court but did not participate in the case in the district court. We have unanimously agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

stores. Because we agree with the district court that claim preclusion barred the suit, we affirm.

In 2014 the plaintiffs brought a federal suit under 42 U.S.C. § 1983, alleging race discrimination in connection with three incidents: in 2013 private-security personnel at a Walgreens falsely accused them of shoplifting, assaulted them, and detained them against their will; and Constance was similarly mistreated at a Whole Foods in 2011 and at a Sears in 2012. The district court dismissed the complaint for failure to state a claim because the defendants were not state actors. *See Reed v. Office of Cook County Gov't*, No. 14 C 8300 (N.D. Ill. filed Oct. 14, 2014). The plaintiffs did not appeal that judgment.

In 2015 the plaintiffs filed this second lawsuit, which they characterized as "a timely refiling of the issues raised and alleged" in the prior suit, though they added a new theory of liability under 42 U.S.C. § 1981. The district court dismissed this complaint on the basis that it represented "at least in part, an improper attempt to refile a case on which judgment had been entered against plaintiffs." The court did, however, invite the plaintiffs to amend their complaint if they could state a claim arising from events other than those addressed in the earlier lawsuit.

The plaintiffs timely amended their complaint. After some confusion ensued in the proceedings—a delay in the docketing of the amended complaint had prompted the court mistakenly to dismiss the suit for failure to prosecute—the court reconsidered its ruling but declined to vacate the judgment on the ground that claim preclusion barred the second suit.

On appeal the plaintiffs contend that the district court should have allowed their second suit to go forward because it is "an action for discrimination" whereas the first suit was "a tort action." But claim preclusion prohibits not only "'successive litigation of the very same claim' by the same parties[,]" *Whole Woman's Health v. Hellerstedt*, 136 S.Ct. 2292, 2305 (2016) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)), but also litigation of claims that *could* have been raised during an earlier proceeding but were not. *See Bell v. Taylor*, Nos. 15-2343, 15-3735, 15-3731, 2016 WL 3568139, at *4 (7th Cir. July 1, 2016); *Maher v. F.D.I.C.*, 441 F.3d 522, 526 (7th Cir. 2006). The plaintiffs cannot avoid the preclusive effect of their prior suit merely by advancing a new theory of liability based on the same events over which they've already sued the defendants. *See Czarniecki v. City of Chicago*, 633 F.3d 545, 552 (7th Cir. 2011). And although claim preclusion is an affirmative defense, *see* FED. R. CIV. P. 8(c), a district court may raise the

issue sua sponte when, as here, preclusion clearly applies. *See Turley v. Gaetz*, 625 F.3d 1005 (7th Cir. 2010); *Kratville v. Runyon*, 90 F.3d 195, 197–98 (7th Cir. 1996).

AFFIRMED.