NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 29, 2018[*]
Decided June 5, 2018

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 17-2508

| | |
|---|---|
| JOHN E. COVINGTON, | Appeal from the United States |
| *Plaintiff-Appellant*, | District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 16 C 10661 |
| NATIONAL UNIVERSITY, | |
| *Defendant-Appellee*. | Virginia M. Kendall, *Judge*. |

## O R D E R

John Covington appeals the dismissal of his federal complaint under Title VI of the Civil Rights Act of 1964 and the Age Discrimination Act of 1975. *See* 42 U.S.C. 2000d; 42 U.S.C. § 6102. Because the district court properly concluded that claim preclusion bars this lawsuit, we affirm.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

Covington previously brought a federal suit against National University, its president, and two employees in the financial aid department. In November 2015, he filed a complaint alleging that the defendants revoked his financial aid because of his age and race, in violation of the Fourteenth Amendment and the Age Discrimination Act. He also alleged that the defendants discriminated against him in April 2015 by fraudulently applying for twelve loans in his name. The district court dismissed the Fourteenth Amendment claims without prejudice because National University, a private institution, and its employees were not state actors subject to suit under 42 U.S.C. § 1983. The court also dismissed the age-discrimination claim without prejudice because Covington had not yet exhausted his administrative remedies as required by the Age Discrimination Act, *see* 42 U.S.C. § 6104(f); 45 C.F.R. § 90.50(a).

Covington then filed an amended complaint that was nearly identical to the original except that he omitted the age-discrimination claim. Because he again had failed to allege state action, the district judge dismissed this complaint with prejudice.

A year after filing his first action, Covington filed this suit against almost the same defendants (he substituted the university's financial aid director for the assistant director). Covington again alleged the unlawful revocation of his financial aid, this time asserting violations of Title VI and the Age Discrimination Act. He again claimed that the defendants applied for twelve loans in his name (though now alleging they did so in August, not April, 2015 and in retaliation for filing the administrative charge that preceded his first lawsuit). He added state-law claims for tortious interference with contract, intentional and negligent infliction of emotional distress, and fraud.

Covington moved to proceed in forma pauperis. In his financial affidavit, he alleged that he was unemployed and single, had not received more than $200 in income from any source, and had no savings or assets. The judge noted that Covington's financial affidavit raised the question of how he could afford a single-family residence and life's basic necessities. Based on this question, the judge ordered Covington to file a new financial affidavit.

Instead, Covington filed a motion for recusal under 28 U.S.C. § 455(a), which requires a judge to recuse herself if her "impartiality might reasonably be questioned." He argued that the judge's decision to require an updated affidavit raised the question of whether she was biased against low-income individuals. The judge denied Covington's motion and ultimately dismissed his suit as barred by claim preclusion.

Covington filed an appeal and now apparently abandons his claims against all defendants except National University.

Covington argues that claim preclusion does not apply to this suit alleging "a continuing series of wrongful conduct." Because his earlier suit was filed in federal court, federal claim-preclusion doctrine applies. *Ross ex rel. Ross v. Bd. of Educ. of Twp. High Sch. Dist. 211*, 486 F.3d 279, 283 (7th Cir. 2007). So this suit is barred if there exists (1) a final judgment on the merits in an earlier action, (2) an identity of the cause of action in both the earlier and later suit (signified by a set of common "operative facts"), and (3) identity of parties or their privies in the two suits. *United States ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 851 (7th Cir. 2009).

Covington first argues that there was not a final judgment on his age-discrimination claim in the first case because he omitted it from his amended complaint, but this does not immunize him from the effects of claim preclusion. The age-discrimination claim was based on the same factual allegations as his other claims: National University's withdrawal of a portion of his financial aid. "Once a transaction has caused injury, all claims arising from that transaction must be brought in one suit or be lost." *Car Carriers, Inc. v. Ford Motor Co.*, 789 F.2d 589, 593 (7th Cir. 1986). Covington replies that he was unable to bring the age-discrimination claim in his first suit because he had not finished exhausting his administrative remedies. But he could have delayed filing of the first suit, asked the district court to stay it, or requested an expedited administrative process. *See Czarniecki v. City of Chicago*, 633 F.3d 545, 551 (7th Cir. 2011). Instead, he dropped his claim. Because the first suit was the appropriate avenue for raising the age-discrimination claim, the final judgment in that case applies to it.

Next, Covington argues that there is not an identity of claims because the events giving rise to his retaliation claim did not occur until after he filed the first case. But this assertion is inconsistent with the allegations in his complaint. There, Covington says that National University retaliated against him for filing administrative charges by applying for twelve new loans in his name in August 2015 – months before he filed his the first lawsuit in November 2015. Covington cannot change his story on appeal to avoid claim preclusion. *See Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 555–56 (7th Cir. 2012) (recognizing that plaintiff appealing dismissal of complaint may elaborate on factual allegations but that new facts must be consistent with assertions in district court).

Covington also contends that there is no identity of parties because "the only defendant[] in this case is National University." But Covington's omission of the individual defendants does not affect our analysis. (And we note that in the district court, he did not in fact omit the individuals as defendants, although he drops them on appeal.) Because National University was a named defendant in the first case, the third and final element for claim preclusion is satisfied. *See Tartt v. Northwestern Comm. Hosp.*, 453 F.3d 817, 822 (7th Cir. 2006). And we note that claim preclusion would apply even if Covington had included the individual defendants in this appeal, because their legal interests are identical to those of the university. *See United States v. Egan Marine Corp.*, 843 F.3d 674, 678–79 (7th Cir. 2016).

Covington also appeals the denial of his recusal motion. But the only support for that motion is the judge's order that he file an updated financial affidavit, and this is not a sufficient basis for recusal. *See Liteky v. United States*, 510 U.S. 540, 555–56 (1994) (explaining that judicial expressions and rulings will not support recusal "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible").

We have considered Covington's remaining arguments and conclude that none has merit. The judgment is AFFIRMED.