**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 18, 2021[*]
Decided August 9, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-2242

| | |
|---|---|
| CHINYERE U. NWOKE, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| | |
| *v.* | No. 19 C 358 |
| | |
| UNIVERSITY OF CHICAGO MEDICAL CENTER, | Gary Feinerman, |
| *Defendant-Appellee.* | *Judge.* |

---

[*] We consolidate these related appeals and decide them without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

No. 20-3413

CHINYERE U. NWOKE,                          Appeal from the United States District
        *Plaintiff-Appellant*,              Court for the Northern District of Illinois,
                                            Eastern Division.


        *v.*                                No. 16 C 9153


UNIVERSITY OF CHICAGO MEDICAL               Jorge L. Alonso,
CENTER,                                     *Judge*.
        *Defendant-Appellee*.

**O R D E R**

Chinyere Nwoke, a black woman, twice sued the University of Chicago Medical Center, her former employer, alleging claims of racial discrimination, retaliation, and unequal pay. She lost both suits. The first ended in summary judgment for the Medical Center and an award of roughly $18,000 in costs. The second ended in dismissal on preclusion grounds. In these appeals, which we consolidate for decision, Nwoke challenges the award of costs in the first suit and the dismissal of the second. We affirm both judgments with one minor modification to the costs award.

In her first lawsuit, Nwoke alleged that during her tenure as a hospital administrator at the Medical Center, her colleagues and supervisors treated her more harshly than similarly situated white administrators. She added that when she complained about the discrimination, the Medical Center retaliated against her.

The case was assigned to Judge Alonso, and Nwoke twice moved to amend her complaint. About a year into the case, she sought leave to add new allegations of racial discrimination and claims for, among other things, a hostile work environment and intentional infliction of emotional distress. Judge Alonso denied the motion based on undue delay and prejudice to the Medical Center. Nwoke tried again a year later—after the close of discovery—this time seeking to add an unequal-pay claim based on information obtained during discovery. This motion met the same fate. Judge Alonso denied it for undue delay, explaining that Nwoke had learned about the pay disparity more than six months earlier and offered no excuse for waiting until after discovery closed to seek leave to amend her complaint. She does not challenge either of these rulings.

Nwoke filed numerous motions for sanctions against the Medical Center based on wild allegations of litigation misconduct and discovery delay. She said, for example, that the Medical Center's counsel planted viruses on her computer, falsely accused her of lying on her résumé, and "typed noisily" and "made faces" during her deposition. Judge Alonso denied these motions because Nwoke's accusations of misconduct were unfounded and irrelevant, and because she, not the Medical Center, caused most of the discovery delays.

The Medical Center prevailed on summary judgment and then filed a bill of costs for approximately $58,000. *See* 28 U.S.C. § 1920; FED. R. CIV. P. 54(d). Judge Alonso awarded costs of $18,393.69. The reasons for the reduction are irrelevant here except for a decrease in total witness costs from the requested $7,300 to $440—$40 a day for 11 days of depositions. Nwoke objected that the Medical Center was not entitled to *any* costs because of its litigation misconduct, but Judge Alonso disagreed for the same reasons he denied her sanctions motions. Nwoke also objected to awarding costs for transcripts that were not used in court proceedings or the motion for summary judgment. The judge rejected this objection too, noting that transcript costs may be awarded if they were reasonably necessary when incurred regardless of whether the transcripts were used in a motion or court proceeding. Nwoke challenges only the award of costs, not the summary-judgment ruling.

While the first case was pending, Nwoke filed a second suit against the Medical Center. The complaint reprised many of the factual allegations and legal theories that she had tried to add to the first case in her failed motions to amend: specifically, claims for hostile work environment, infliction of emotional distress, and unequal pay. The second case was assigned to Judge Feinerman. He dismissed it on preclusion grounds after Judge Alonso entered judgment in the first case. Nwoke challenges that decision.

Nwoke faces a steep climb in challenging the award of costs. "Rule 54(d) creates a presumption that the prevailing party will recover costs," and we review the award for abuse of discretion. *Crosby v. City of Chicago*, 949 F.3d 358, 363–64 (7th Cir. 2020) (quotation marks omitted). With one slight exception, the award was well within the judge's discretion.

Nwoke opens with two frivolous arguments. First, she asserts that the award was improper because there was no final judgment in favor of the Medical Center. That's wrong. Judge Alonso granted the Medical Center's summary-judgment motion and entered final judgment in its favor, making it presumptively entitled to costs. FED.

R. CIV. P. 54(d). Nwoke also contends that the Medical Center's litigation misconduct barred it from receiving costs. *See Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003) (noting such behavior may justify denial of costs). But she makes the same sometimes-fantastical accusations that Judge Alonso rejected and gives us no reason to second-guess the judge's decision.

Nwoke next argues that Judge Alonso should have rejected $13,000 in transcript costs because the Medical Center did not use those transcripts in its summary-judgment motion and did not specify the length of each transcript in its bill of costs. The former contention is meritless since the depositions were reasonably necessary at the time. *See Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir. 1998) ("The proper inquiry is whether the deposition was reasonably necessary to the case at the time it was taken, not whether it was used in a motion or in court." (quotation marks omitted)). And the latter contention is flatly belied by the record; the Medical Center's schedule of costs included page counts.[1]

Nwoke raises one sound, albeit minor, objection to the costs award. Judge Alonso granted $440 in witness fees—$40 per witness per day for 11 days. Although the rate is correct, *see* 28 U.S.C. § 1821(b), the number of days is not. The Medical Center deposed nine witnesses, each on a separate day. This totals $360, not $440.

That brings us to Nwoke's second case. We review the dismissal de novo. *Arrigo v. Link*, 836 F.3d 787, 798 (7th Cir. 2016). "[A] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Claim preclusion "blocks a second lawsuit if there is (1) an identity of the parties in the two suits; (2) a final judgment on the merits in the first; and (3) an identity of the causes of action." *Barr v. Bd. of Trs. of W. Ill. Univ.*, 796 F.3d 837, 840 (7th Cir. 2015). Nwoke concedes, as she must, that the two suits have identical parties, but she contests whether the second and third elements are satisfied.

Nwoke insists that there was no final judgment on the merits of her unequal-pay claim since she was denied leave to add that claim to her first lawsuit. But the

---

[1] Nwoke also criticizes Judge Alonso's assessment that the remainder of costs were reasonable, but she neither asserts that those costs exceed the scope of 28 U.S.C. § 1920 nor challenges how they were calculated. We will not disturb the award on such a thin argument.

preclusive effect of a judgment extends to claims that could have been raised as well as those actually litigated. *Bell v. Taylor*, 827 F.3d 699, 707 (7th Cir. 2016). Nwoke certainly could have litigated her unequal-pay claim in the first suit; indeed, she tried to do just that. Nwoke does not challenge Judge Alonso's denial of leave to amend her complaint, and she "cannot use a second lawsuit against [the Medical Center] to take another bite at the apple." *Id.* (We note for completeness that Judge Alonso did not deny leave to amend on the ground that the claims Nwoke sought to add would be better managed as part of another case. In that situation, claim preclusion would not apply.)

Nwoke relatedly contends that there is no identity of the causes of action because her unequal-pay claim is based on a different set of facts than the discrimination and retaliation claims at the core of her first suit. That's the kind of claim splitting res judicata is meant to prevent. *Palka v. City of Chicago*, 662 F.3d 428, 437 (7th Cir. 2011). As Judge Feinerman recognized, Nwoke's unequal-pay claim stems from the same "main event" as her other claims: the discrimination she claims to have suffered at the Medical Center. *Barr*, 796 F.3d at 840. After all, Nwoke uncovered the pay-disparity evidence during discovery on her discrimination claims, and the evidence of each claim could have been used to support the other. *See Adams v. City of Indianapolis*, 742 F.3d 720, 736 (7th Cir. 2014) ("Whether there is an identity of the cause of action depends on whether the claims comprise the same core of operative facts that give rise to a remedy." (quotation marks omitted)). Nwoke cannot avoid claim preclusion by "identify[ing] a slightly different cause of action with one element different from those in the first, second, or third lawsuits between the same parties arising from the same events." *Czarniecki v. City of Chicago*, 633 F.3d 545, 550 (7th Cir. 2011).

We therefore MODIFY the cost award in appeal No. 20-3413 to provide for $360 for witness costs instead of $440 and AFFIRM the judgment as modified. We AFFIRM the judgment in appeal No. 20-2242.