**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 2, 2022[*]
Decided September 8, 2022

*Before*

DIANE P. WOOD, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 22-1996

| | |
|---|---|
| CHARLES SIMON, <br> *Plaintiff-Appellant,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 22-cv-261-jdp |
| UNITED STATES DEPARTMENT OF JUSTICE, et al., <br> *Defendants-Appellees.* | James D. Peterson, <br> *Chief Judge.* |

**O R D E R**

Charles Simon, a former federal prisoner, appeals the dismissal of his lawsuit challenging the amount of monthly compensation he was awarded in 1994 under the Inmate Accident Compensation Act, 18 U.S.C. § 4126; 28 C.F.R. § 301.101, *et seq.*, along with the termination of his payments in 2018. The district court ruled that claim and

---

[*] The appellees were not served with process and have not participated in this appeal. We have agreed to decide the case without oral argument because the appellant's brief and the record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

issue preclusion barred Simon's suit because he previously litigated similar, unsuccessful cases in federal courts in Massachusetts and the District of Columbia. We affirm.

After injuring his back while on his work assignment at the Federal Correctional Institution in Oxford, Wisconsin, Simon was awarded monthly benefit payments under the Act in 1994. He soon filed multiple lawsuits in various federal district courts challenging the amount of his payments. Those courts concluded that the award had been properly calculated and dismissed Simon's claims on the merits. *See, e.g., Simon v. U.S. Dep't of Justice*, 1996 WL 345955 (1st Cir. June 25, 1996); *Simon v. Fed. Prison Indus., Inc.*, 1998 WL 388369 (D.C. Cir. May 13, 1998). Simon continued to file similar lawsuits for the next decade; all were dismissed based on claim or issue preclusion. *See, e.g., Simon v. U.S. Dep't of Justice*, 2016 WL 3545484 (D.C. Cir. June 10, 2016); *Simon v. Bickell*, 2011 WL 1770138 (D.C. Cir. Apr. 22, 2011); *Simon v. Fed. Prison Indus., Inc.*, 238 F. App'x 623 (D.C. Cir. 2007); *Simon v. Fed. Prison Indus.*, 2003 WL 26128191 (D. Mass. July 15, 2003), *aff'd*, 91 F. App'x 161 (1st Cir. 2004).

In 2018, Simon's benefits were suspended because he failed to report his earnings—a program requirement. He then filed lawsuits in federal courts in Massachusetts and Washington, D.C., challenging the termination and, again, the amount of his payments. *See Simon v. U.S. Dep't of Justice*, 2018 WL 6045254 (D. Mass. Nov. 19, 2018), *aff'd*, 2019 WL 6124881 (1st Cir. June 26, 2019); *Simon v. U.S. Dep't of Justice*, 2021 WL 1578293 (D.D.C. Apr. 22, 2021), *aff'd*, 2021 WL 4767941 (D.C. Cir. Sept. 15, 2021). These courts dismissed Simon's claims, ruling that claim and issue preclusion barred challenges to his payments, and that Simon did not exhaust his administrative remedies before suing over the termination of his benefits.

Simon then filed this case in the Western District of Wisconsin against the U.S. Department of Justice, a judge who dismissed a prior suit, and staff of Federal Prison Industries (the agency that sells federal inmates' services and goods), again challenging both the size of his payments and the termination of benefits. (On this record, we cannot explain Simon's choice of venues.) Based on the pleadings and public records, the district court dismissed Simon's complaint, concluding that, even though he targeted some new defendants, the challenge to the amount of his payments was precluded. And the court agreed with the prior rulings that Simon had not shown exhaustion of his administrative remedies regarding the termination of benefits.

Simon appeals and challenges the sua sponte dismissal of his complaint, a decision that we review de novo. *Kowalski v. Boliker*, 893 F.3d 987, 994 (7th Cir. 2018). He contends that the district court neglected the evidence that the government undercompensated him for his injury. He also argues that the court misunderstood the exhaustion requirement and acted in bad faith by dismissing his lawsuit.

But as the district court correctly ruled, issue preclusion bars Simon from challenging his compensatory award because other courts have already ruled on the amount of money he was due. *See Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). In federal court, issue preclusion applies when the party against whom it is invoked had a full and fair opportunity to litigate the issue in a previous action and the relevant issue is the same as one that was actually litigated in the previous action and was essential to the judgment. *See id.*; *Adams v. City of Indianapolis*, 742 F.3d 720, 736 (7th Cir. 2014). Here, federal courts in Massachusetts and Washington, D.C. issued final judgments on the merits in 1996 and 1998, respectively, ruling that Simon's monthly payment had been properly calculated. *Simon*, 1996 WL 345955 (1st Cir. June 25, 1996) at *1; *Simon*, 1998 WL 388369 (D.C. Cir. May 13, 1998) at *1. The same courts later held that further suits raising that issue were precluded. Simon simply fails to respond to the point that he cannot repeatedly litigate whether his award was correctly calculated after other courts have ruled that it was—even if he strongly disagrees. *See Adams*, 742 F.3d at 736.

Further, claim preclusion also bars Simon's suit against the DOJ and Federal Prison Industries over the amount of his benefits award because he has already litigated the same claim against those parties. *See Taylor*, 553 U.S. at 892; *Czarniecki v. City of Chicago*, 633 F.3d 545, 548 (7th Cir. 2011). Federal courts in Massachusetts and the District of Columbia issued final judgments rejecting Simon's claims against these parties on the merits. *See Simon*, 1996 WL 345955 (1st Cir. June 25, 1996) at *1; *Simon*, 1998 WL 388369 (D.C. Cir. May 13, 1998) at *1. He cannot defeat the application of claim preclusion against the defendants in question by adding a new party to the lawsuit (here, the judge). *See, e.g., Czarniecki*, 633 F.3d at 548–49.

As to the termination of benefits, the district court also correctly ruled that both issue and claim preclusion bar Simon's claim. After his monthly payments were stopped in 2018, Simon sued in Massachusetts and District of Columbia federal courts, and both courts ruled that he had failed to satisfy his administrative exhaustion requirements under the Act. *See Simon*, 2018 WL 6045254 (D. Mass. Nov. 19, 2018) at *2–3; *Simon*, 2021 WL 1578293 (D.D.C. Apr. 22, 2021) at *3–6. Because Simon has already litigated the termination in previous actions against the same defendants (DOJ and the

Federal Prison Industries), and he provided no evidence that he has since exhausted administrative remedies, issue and claim preclusion bar this claim as well. *See Adams*, 742 F.3d at 736; *Czarniecki*, 633 F.3d at 548.

AFFIRMED